Erika Roman-Maury, Esq.
California State Bar No. 216323
ELR LAW GROUP
20058 Ventura Blvd, Suite 137
Woodland Hills, CA 91364
Tel (818)385-1100
Fax (818)385-1041
Email: Erika@ELRLawgroup.com

Attorney for Petitioner, *Cesar Augusto Jaraba-Ibarra*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR AUGUSTO JARABA-IBARRA<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General of the United States; MARKWAYNE MULLIN, Secretary of Department of Homeland Security; TODD LYONS, Acting Director, United States Immigration and Customs Enforcement; ERNESTO SANTACRUZ, JR., Acting Field Office Director, Los Angeles Field Office, United States Immigration and Customs Enforcement and Removal Operations; DAVID MARIN, Warden, Immediate Custodian, Adelanto ICE Processing Center; SIRCE OWEN, Acting Director, Executive Office for Immigration Review, *et al.*,<br>Respondents, | Case No.:<br><br>PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241; COMPLAINT FOR DECLARATORY AND INDIVIDUAL INJUNCTIVE RELIEF |

PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Cesar Augusto Jaraba-Ibarra ("Mr. Jaraba-Ibarra") seeks habeas relief under 28 U.S.C. § 2241 and declaratory and injunctive relief from unlawful civil immigration detention. This Petition presents two questions independent of the merits of Petitioner's removal case: first, whether Petitioner's present custody is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1231; and second, whether Respondents violated the Fifth Amendment by revoking Petitioner's December 2021 release on recognizance without constitutionally adequate process.

In December 2021, immigration authorities released Petitioner on recognizance under INA § 236. The release reflected the Government's determination that he was neither a danger nor a flight risk. Petitioner thereafter complied with the material conditions of release: he appeared at Immigration Court in January 2024 and notified the court of his address change multiple times. He then lived openly in the community for more than four years, working, residing at known addresses, participating in his church, and pursuing his immigration case.

On January 31, 2024, Petitioner filed a change of address in immigration court reporting his address as 1506 School Road, Apt. 502, Dallas, Texas 75006. The immigration court then erroneously mailed a hearing notice to Petitioner at 1806 School Road, Apt. 502, Dallas, Texas 75006, ordering him to appear on

February 5, 2026. Petitioner never received the notice. Consequently, he failed to appear on February 5, 2026 and was ordered removed in his absence.

Petitioner timely invoked the statutory procedure to rescind the *in absentia* removal order by filing a motion to reopen based on lack of proper notice. While the motion remained pending, ICE arrested him on August 11, 2026. The statutory automatic stay therefore barred execution of the *in absentia* removal order when ICE took Petitioner into custody. 8 U.S.C. § 1229a(b)(5)(C); 8 C.F.R. § 1003.23(b)(4)(ii). Although the stay did not categorically preclude arrest, it foreclosed any claim that immediate execution of the order justified physical confinement without an individualized custody determination. After his arrest, the IJ denied the motion to reopen.

Petitioner does not ask this Court to decide whether the IJ correctly denied reopening or whether the *in absentia* order should ultimately be rescinded. Petitioner timely appealed the denial of reopening to the Board of Immigration Appeals. Under *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021), an *in absentia* removal order becomes administratively final when the [noncitizen] fails to timely pursue the statutory rescission procedure and therefore loses the opportunity for Board review. Because Petitioner timely filed his statutory motion to reopen and timely appealed its denial, he remains entitled to Board review, which is currently

pending. Accordingly, the *in absentia* removal order is not administratively final while the timely statutory rescission appeal remains pending.

Further, although 8 U.S.C. § 1226(b) permits ICE to rearrest a person previously released under § 1226, it does not eliminate the Fifth Amendment protection attached to the conditional liberty the Government conferred. Petitioner does not contend that ICE lacked statutory authority to seek re-detention. He challenges the statutory authority and procedures in which it did.

Because the timely statutory rescission appeal remains pending, § 1231 does not authorize Petitioner's present detention. Section 1231 authorizes detention *only* during the removal period or, in specified circumstances, beyond it; it supplies no authority before the removal period begins. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059–60 (9th Cir. 2008). Petitioner's custody instead falls within § 1226(a)'s discretionary detention-and-release framework, pending the ultimate decision whether removal will occur. That classification does not itself compel immediate release; the independent Fifth Amendment claim explains why Respondents could not revoke Petitioner's existing recognizance release without individualized, constitutionally adequate process.

But on August 11, Respondents revoked Petitioner's established conditional liberty without written notice identifying a release violation or materially changed circumstance, disclosure of the asserted basis for confinement, a meaningful

opportunity to respond, or a neutral determination that he then posed a danger or flight risk. The available record identifies no such current, individualized basis. The court's notice error, Petitioner's years of compliance and community life, ICE's knowledge of his location, and the automatic stay in place when he was arrested make a neutral custody determination indispensable.

Petitioner seeks immediate restoration to the status quo, which in his case, are the conditions of his release on recognizance that were in effect immediately before August 11, 2026.

Alternatively, he seeks release unless Respondents promptly provide a constitutionally adequate hearing before a neutral decisionmaker at which the Government bears the burden to establish by clear and convincing evidence that he presently poses a danger or flight risk and that no less restrictive condition can reasonably address it. *Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011).

Petitioner seeks release during the pendency of this Petition and alleges as follows:

## STATEMENT OF FACTS

1. Petitioner, Cesar Augusto Jaraba-Ibarra, is a native and citizen of Venezuela, born on February 16, 1982. *Ex.1: Passport of Cesar Augusto Jaraba-Ibarra, expired as of April 12, 2021.*

2. On December 28, 2021, a United States Border Patrol ("CBP") agent encountered Petitioner in the Del Rio, Texas Border Patrol Sector. *Ex. 2: Form I-213, Record of Deportable/Inadmissible Alien.*

3. Petitioner expressed fear of persecution or torture if returned to Venezuela. *Ex. 2.*

4. DHS placed him in removal proceedings under INA § 240 and served him with a Notice to Appear, Form I-862. *Ex. 3: Notice to Appear.*

5. On December 30, 2021, ICE served Petitioner with an Order of Release on Recognizance ("ROR"). *Ex. 4: Order of Release on Recognizance, Form I-220A.* The order states that Petitioner had "been arrested and placed in removal proceedings," and that "[i]n accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions."

6. ICE did not impose a bond, an ankle monitor, curfew, or reporting requirements. *Ex.5: Declaration of Petitioner.* He was only instructed to appear in court and apprise the court of his address.

7. ICE was not authorized to release Petitioner if he posed a danger to the community or a risk of flight. 8 C.F.R. § 1236.1(c)(8). Its decision to release him on December 30, 2021 therefore reflected a determination that he was neither,

and that release on ROR without bond or electronic monitoring was sufficient to secure his appearance and protect the public.

8. Petitioner has resided continuously in the interior of the United States since his release on December 30, 2021. *Ex. 5.*

9. Petitioner appeared in person for a master calendar hearing before the Dallas Immigration Court on January 31, 2024. *Ex. 6: Denial of Motion to Reopen dated 08/14/2006.*

10. On that day he filed a change of address in court on Form EOIR-33 reporting his address to be "1506 School Rd Apt 502, Dallas, Tx, 75006". *Ex. 7: EOIR-33 from 1/31/24 reflecting "1506 School Road".* He was told a hearing notice for the next hearing would be sent by mail.

11. After the hearing, the court clerk mailed Petitioner a copy of a hearing notice for February 5, 2026 to "1806 School Road Apt 502, Dallas, TX 75006", the *wrong* address. *Ex. 8: Hearing Notice mailed out by Court Staff, Michelle Goode.*

12. On January 10, 2025, Petitioner moved from Texas to 25917 E. Baseline Street, Apartment 26, San Bernardino, California. *Ex. 9: Residential Lease Agreement.*

13. On January 12, 2026, Petitioner notified the court that he moved from Texas to California by filing a change of address form EOIR-33. *Ex. 6; Ex. 10: EOIR-33 from 1/12/2026 reflecting San Bernardino, California address.*

14. On February 3, 2026, he filed a change of venue to move his court from Texas to California attaching evidence of his utilities in California. *Ex. 6.* That motion was denied by the Dallas Immigration Court and the February 5, 2026 hearing remained on calendar.

15. On February 5, 2026, Petitioner failed to appear in Texas for the master calendar hearing, and he was ordered removed *in absentia. Ex. 11: In Absentia Removal Order.*

16. On March 20, 2026, Petitioner filed a pro se Motion to Reopen an *in absentia* Removal Order stated that he did not receive the hearing notice . *Ex. 12: Motion to Reopen an In Absentia Order.*

17. On August 11, 2026, on his way to obtain groceries at 6am before work, Petitioner was with his partner, Virgilia Villegas, when he was intercepted by three vehicles that instructed them to pull over. *Ex. 5.* The showed him a picture of himself and asked him to identify himself. When he did, he was handcuffed and placed into one the vehicles. *Id.* The motion to reopen and rescind remained pending at this point.

18. The motion remained pending for approximately 145 days before it was decided.

19. On August 14, 2026, the IJ denied the motion finding that "on January 31, 2024, the Court mailed to the respondent's correct record address (SCHOOL

ROAD) a written notice for the hearing the respondent failed to attend on February 5, 2026. The respondent failed to demonstrate that he did not receive notice at SCHOOL ROAD." *Ex.6.* However, the IJ never acknowledged that Petitioner had written his address as "1506 School Rd" and the court clerk mailed the notice to "1806 School Road". *Exs. 7, 8.*

20. On August 18, 2026, Petitioner filed a timely appeal to the Board of Immigration Appeals ("BIA"). *Ex. 13: Filing Receipt for Appeal or Motion, dated August 21, 2026.*

21. Petitioner does not ask this Court to review the *in absentia* order, the denial of reopening, or the merits of the pending BIA appeal. He pleads the procedural fact of a timely statutory motion and a timely appeal because that fact determines which detention statute applies to him.

22. Between December 30, 2021 and August 11, 2026, ICE never found that Petitioner violated any condition of his release, never initiated a redetermination of his release conditions, and never took any step to revoke his release. *Ex. 5.*

23. Petitioner has remained in immigration custody continuously since August 11, 2026 and is presently detained at the Adelanto ICE Processing Center.

24. Petitioner was not apprehended while absconding, while evading supervision, or while fleeing. He was stopped a short distance from his residence he had reported to the immigration court on his Form EOIR-33,. *Exs. 5, 10.*

25. Petitioner has five children: Cesar Jr., Cristian; Veronica; Anabel and Jose Miguel. They are all natives and citizens of Venezuela and all seeking asylum affirmatively. *Ex. 5.* Detention has interrupted Petitioner's employment and his ability to meet his household obligations, including the rent and utilities on the San Bernardino apartment. *Id.*

26. At no time before the arrest was Petitioner told to get his affairs in order because he would be taken into custody and separated from his family for an undefined period. At no time was he given notice that his release would be revoked, that he was accused of violating any condition of his release, or that ICE had made any determination bearing on his custody. *Ex. 5.* Before re-detaining Petitioner, Respondents gave him no meaningful opportunity to contest the revocation of his release or to demonstrate that he remained neither a danger nor a flight risk. *Id.*

27. Upon information and belief, Respondents served no written revocation notice, no Form I-286, and no Form I-203 stating the basis for revoking Petitioner's release. *Ex. 5.*

28. No neutral decisionmaker has made any finding — at any time, before or after Petitioner's arrest — that Petitioner is a danger to the community, that he poses a risk of flight, that he violated any condition of his release, or that any

condition or combination of conditions short of physical confinement would be inadequate. *Ex. 5.*

29. Detention impairs Petitioner's ability to gather evidence for, participate in, and communicate with counsel about the appeal now pending before the BIA — the very proceeding that will determine whether his *in absentia* order is rescinded.

30. Petitioner has no criminal record of any kind, in the United States or anywhere else. *Ex. 2.* He has been a devoted member of his church congregation since moving to San Bernardino. *Ex. 14: Letter from Senior Pastor Gilbert Rodriguez of Alcance Victoria San Bernadino.*

## LEGAL FRAMEWORK

### A. Fifth Amendment Liberty and Civil Immigration Detention

31. The Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. It is well established that the Fifth Amendment entitles noncitizens to due process in deportation proceedings. *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). The Due Process Clause applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of

physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Id.* at 690. Due process generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

32. Civil immigration detention is permissible only insofar as it serves a legitimate regulatory purpose, principally ensuring appearance for proceedings or removal and protecting the community from danger.

33. Even where detention is statutorily authorized, due process requires procedures adequate to ensure that the Government's asserted justification for confinement outweighs the individual's liberty interest. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

**B. Mr. Jaraba-Ibarra's Initial § 1226 Release Created a Protected Conditional Liberty Interest**

34. ICE released Mr. Jaraba-Ibarra on ROR under INA § 236 in December 2021. *Exs. 2, 4.* That release reflected the Government's determination that Mr. Jaraba-Ibarra was neither dangerous nor likely to flee. An officer may release a person under the § 1226 framework only when satisfied that release does not present a danger and that the person is likely to appear. 8 C.F.R. § 1236.1(c)(8); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), aff'd sub nom. *Saravia ex rel. A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018).

35. Mr. Jaraba-Ibarra complied with the material conditions of his release. He appeared at the Dallas Immigration Court in January 2024 and timely filed an EOIR-33 reporting his then-current address. He thereafter lived openly in the community, maintained a known residence, worked, and became a member of his church community. *Exs. 5, 7, 9, 10, 14.*

**C. Mr. Jaraba-Ibarra's Notice-Based Motion to Reopen Stayed Removal and Means § 1226, Not § 1231, Governs Current Custody**

36. On January 31, 2024 Petitioner appeared in immigration court. He filed a change of address on Form EOIR-33 reporting his address as: **1506** School Road, Apt. 502, Dallas, Texas 75006. *Ex. 7.* At the hearing he was instructed that he would receive a notice of the next hearing by mail. *Ex. 5.*

37. On January 31, 2024, the court clerk mailed a hearing notice scheduling him to appear in court on February 5, 2026. The notice was mailed to: **1806** School Road, Apt. 502, Dallas, Texas 75006. *Ex. 8.* That is was not Petitioner's reported address. Hence, Petitioner did not receive the notice. *Ex. 5.* The error was not only caused by the court, it was never corrected by the court.

38. That error directly supports the statutory basis for his notice-based motion and precludes treating the *in absentia* order as unexplained evasion or present proof of flight risk.

39. An *in absentia* removal order may be rescinded at any time upon a

showing that the respondent did not receive notice required by INA § 239(a). 8 U.S.C. § 1229a(b)(5)(C)(ii). Filing the statutory motion stays removal while it is pending before the Immigration Judge. *Id.*; 8 C.F.R. § 1003.23(b)(4)(ii).

40. Petitioner timely invoked that statutory process. *Ex. 12.* His motion remained pending when ICE arrested him on August 11, 2026. The IJ did not deny the motion until August 14, 2026. *Ex. 6*. The automatic stay therefore barred execution of the February 5, 2026 in absentia order when ICE took him into custody. The stay did not categorically preclude arrest under § 1226, but it defeats any assertion that immediate removal justified detention without an individualized custody determination.

41. Mr. Jaraba-Ibarra timely appealed the MTR denial, and the appeal remains pending before the Board of Immigration Appeals ("BIA" or "Board"). *Ex. 13.* Under *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021), an in absentia order becomes final when the statutory rescission process is not timely pursued and the period for ultimately obtaining Board review has expired. Where the respondent timely invokes that process and timely appeals the denial, the contrary conclusion follows: the period for Board review has not expired, the Board has not affirmed the order, and the order is not administratively final. See *Mejia v. Hermosillo*, No. 2:25-cv-02196, at *4–5 (W.D. Wash. Nov. 19, 2025).

42. Section 1231 authorizes detention only during the removal period or,

in specified circumstances, beyond it; the removal period cannot begin before the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1)–(2), (6). It therefore supplies no authority before the removal period. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059–60 (9th Cir. 2008).

43. Because Mr. Jaraba-Ibarra timely pursued statutory rescission and has a pending Board appeal, his removal order is not administratively final and the removal period has not begun. Thus, § 1231 does not authorize current detention under *Cui*. Instead, his custody is governed by § 1226(a), which permits discretionary detention or conditional parole pending the ultimate decision whether removal will occur. 8 U.S.C. § 1226(a); *Prieto-Romero*, 534 F.3d at 1059. This classification requires an individualized custody determination rather than mandatory post-order detention.

**D. Respondents Revoked Mr. Jaraba-Ibarra's Conditional Liberty Without Due Process; the Proper Remedy Is Restoration of Release or a Prompt Government-Burden Hearing**

44. Alternatively, even if this Court were to conclude that § 1231 governs after the IJ denied reopening on August 14 (despite the timely appeal of that order), the August 11 revocation independently violated due process. The revocation occurred while the statutory stay was operative, after more than four years of conditional release, and without a disclosed individualized basis or constitutionally sufficient pre- or prompt post-deprivation process.

45. Although § 1226(b) permits the Government to revoke conditional parole and rearrest a person previously released under § 1226(a), 8 U.S.C. § 1226(b), that statutory discretion does not extinguish the Fifth Amendment protection afforded to the conditional liberty that the Government itself created.

46. A person released subject to conditions has a protected interest in continued conditional liberty. He may rely on the Government's implicit promise that release will be revoked only for a valid basis and through constitutionally adequate procedures. *Morrissey v. Brewer*, 408 U.S. 471, 481–82 (1972). Mr. Jaraba-Ibarra's years of residence, employment, compliance, and community and church ties strengthened that interest.

47. On August 11, Respondents revoked Mr. Jaraba-Ibarra's conditional liberty without written notice of a release violation or materially changed circumstance, disclosure of the factual grounds for confinement, a meaningful opportunity to respond, or a neutral finding that he then posed a danger or risk of flight. *Exs. 5.* The stayed *in absentia* order cannot substitute for that required individualized finding.

48. The *Mathews* factors favor pre-deprivation process. Mr. Jaraba-Ibarra's liberty interest is substantial. The risk of error was high because the court, rather than Mr. Jaraba-Ibarra, sent the hearing notice to the wrong address, causing him to not receive the notice in the first place; the available record identifies no

new criminal conduct or other disclosed individualized basis for detention after the Government had already assessed that he was neither a danger nor a flight risk; and a neutral hearing would test the asserted grounds against Mr. Jaraba-Ibarra's compliance, known residence, and present community evidence. *Exs. 7, 8.* The Government's interest in dispensing with advance process was slight because ICE planned the arrest, knew where Mr. Jaraba-Ibarra lived, and could not immediately execute the removal order. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).

49. The immigration re-detention decisions apply these principles to longstanding immigration release and require constitutionally adequate individualized process before ICE re-detains a person absent genuine urgency. See *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032–36 (N.D. Cal. 2025); *Bilal A. v. Wofford*, No. 1:25-cv-01715 (E.D. Cal. Dec. 16, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-cv-01228 (E.D. Cal. Oct. 9, 2025).

50. Petitioner seeks restoration of the ROR conditions in effect immediately before August 11. That is the appropriate remedy for the completed deprivation of conditional liberty and does not prevent Respondents from seeking lawful re-detention. Alternatively, the Court should order release unless Respondents promptly provide a hearing before a neutral decisionmaker at which the Government proves by clear and convincing evidence that Mr. Jaraba-Ibarra presently poses a danger or flight risk and that no less restrictive condition can

reasonably address it. *Singh*, 638 F.3d at 1203–04.

51. *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), does not control. It rejected a categorical demand for a second § 1226(a) hearing based solely on detention duration where the detainee had already received an individualized bond hearing. *Id.* at 1205–14. Mr. Jaraba-Ibarra challenges the revocation of established conditional liberty without notice, a changed-circumstances explanation, or a neutral merits determination—not detention duration alone.

**PARTIES**

52. Petitioner Cesar Augusto Jaraba-Ibarra is detained by immigration authorities and remains in custody at the Adelanto ICE Processing Center, or another facility under the control and direction of Respondents.

53. Respondent Todd Blanche is the Attorney General of the United States. He has authority to supervise the implementation and enforcement of the INA, including immigration adjudication functions carried out through the Executive Office for Immigration Review. He is sued in his official capacity.

54. Respondent Markwayne Mullin is the Secretary of Homeland Security. He is responsible for immigration enforcement functions vested in the Department of Homeland Security. He is sued in his official capacity.

55. Respondent Todd Lyons is the Acting Director of United States Immigration and Customs Enforcement. He is responsible for ICE enforcement and detention operations. He is sued in his official capacity.

56. Respondent Ernesto Santacruz, Jr. is the Acting Field Office Director, Los Angeles Field Office, United States Immigration and Customs Enforcement, Enforcement and Removal Operations. He is responsible for detention and removal operations within the Los Angeles Field Office area of responsibility. He is sued in his official capacity.

57. Respondent David Marin is the Warden of the Adelanto ICE Processing Center. He is the immediate custodian of Petitioner and bears responsibility for detaining him. He is sued in his official capacity.

58. Respondent Sirce Owen is the Acting Director of the Executive Office for Immigration Review (EOIR), a component agency of the Department of Justice responsible for conducting removal and bond hearings of noncitizens. EOIR is comprised of a lower adjudicatory body administered by IJs and an appellate body known as the Board of Immigration Appeals (BIA). IJs issue bond redetermination decisions, which are then subject to appeal to the BIA. She is sued in her official capacity.

## JURISDICTION AND VENUE

59. Petitioner is in the physical custody of Respondents at the Adelanto

ICE Processing Center in Adelanto, California, within the Central District of California. He challenges the statutory and constitutional legality of that present custody.

60. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) because Petitioner is in custody in violation of the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1331 because Petitioner's claims arise under the Fifth Amendment and the Immigration and Nationality Act.

61. Venue is proper in this District because Petitioner is confined here and names as a respondent the warden or facility administrator who exercises immediate physical custody over him. *Doe v. Garland*, 109 F.4th 1188, 1192–95 (9th Cir. 2024); *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 443, 447 (2004). Venue is independently proper under 28 U.S.C. § 1391(e) because a substantial part of the events giving rise to this action occurred in this District.

62. Petitioner does not seek review of the merits of the February 5, 2026 *in absentia* removal order, the IJ's denial of reopening, or his pending BIA appeal. He challenges only whether 8 U.S.C. § 1231 presently authorizes his detention and whether Respondents revoked his prior release on ROR without constitutionally adequate process.

63. The jurisdiction-channeling provisions of 8 U.S.C. § 1252 do not bar this collateral detention challenge. Nor does 8 U.S.C. § 1226(e) preclude review of

Petitioner's constitutional claims and questions of law concerning the statutory authority and procedures governing his custody. *Singh v. Holder*, 638 F.3d 1196, 1201–03 (9th Cir. 2011); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

64. The relief sought is release from allegedly unlawful physical detention or, alternatively, a constitutionally adequate individualized custody hearing. Such relief lies at the core of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

**REQUIREMENTS OF 28 U.S.C. §2243**

65. The Court must grant the petition for writ of habeas corpus or issue an order to show cause "forthwith," unless Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require Respondents to file a return within three days unless, for good cause, additional time not exceeding twenty days is allowed. 28 U.S.C. § 2243.

66. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

//

//

## LEGAL ARGUMENT

**A. ICE's 2021 § 1226 Release and Cesar's Compliance Establish the Conditional Liberty at Issue**

67. In December 2021, ICE released Mr. Jaraba-Ibarra on ROR under INA § 236 after determining that he was neither dangerous nor likely to flee. *Exs. 2, 4*. Petitioner remained compliant with the material conditions of release: he appeared at the Dallas Immigration Court in January 2024 and filed multiple EOIR-33 to report address changes. *Exs. 7, 10.* He lived openly in the community for more than four years, maintained a known residence, worked, and became a member of his church community. *Exs. 5, 7, 9, 10, 14.*

68. Respondents retained statutory authority to seek re-detention under § 1226(b), but that authority did not permit them to revoke the conditional liberty they had conferred without a valid individualized basis and constitutionally adequate process. The 2021 release and Mr. Jaraba-Ibarra's ensuing compliance are therefore the starting point for assessing the legality of the August 11, 2026 detention.

**B. The Court's Address Error, Timely Statutory Motion, and Pending BIA Appeal Place Present Custody Under § 1226(a), Not § 1231**

69. Mr. Jaraba-Ibarra filed change of address (EOIR-33) on January 31, 2024 reporting his address as 1506 School Road, Apt. 502, Dallas, Texas 75006. *Exs. 6, 7*. It is well documented in the immigration court's own file that the

immigration court mailed the hearing notice to the wrong address (1806 School Road, Apt. 502, Dallas, Texas 75006). *Ex. 8.* The court-induced error resulted in his failure to receive the notice, and thus failure to appear. Therefore, the *in absentia* removal order cannot fairly be treated as evidence that he evaded the proceedings or presently poses a flight risk.

70. Mr. Jaraba-Ibarra filed a *pro se* motion to reopen on March 20, 2026, timely invoking the statutory procedure to rescind that order. *Ex. 12.* The motion remained pending when ICE arrested him on August 11, 2026. The automatic stay consequently barred execution of the *in absentia* order at the time of arrest. Although that stay did not categorically bar a § 1226 arrest, it foreclosed any assertion that immediate removal justified confinement without an individualized custody determination. The Immigration Judge did not deny the motion until August 14. *Exs. 5, 6*.

71. Mr. Jaraba-Ibarra timely appealed the MTR denial, and the appeal remains pending before the BIA. *Ex. 13.* Under *Cui*, that timely statutory rescission process leaves the *in absentia* order nonfinal while Board review remains pending. *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021); *Mejia v. Hermosillo*, No. 2:25-cv-02196, at *4–5 (W.D. Wash. Nov. 19, 2025).

72. Because the removal order is not administratively final, the § 1231 removal period has not begun. Thus, Section 1231 therefore does not authorize Mr.

Jaraba-Ibarra's present detention. His custody falls under § 1226(a)'s discretionary detention-and-release framework. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059–60 (9th Cir. 2008). While the classification by itself does not compel immediate release, it confirms that Respondents cannot treat Mr. Jaraba-Ibarra as subject to mandatory post-order detention.

**C. Respondents Revoked Cesar's Conditional Liberty Without Constitutionally Adequate Process**

73. Alternatively, even if the Court concludes that § 1231 governs after the IJ's August 14 denial, that conclusion does not cure the completed constitutional violation on August 11. On that date, Petitioner's statutory motion remained pending and the automatic stay barred execution of the *in absentia* order.

74. The August 11 revocation of conditional liberty does compel immediate release. It was conducted without written notice identifying a release violation or materially changed circumstance, disclosure of the factual grounds for confinement, a meaningful opportunity to respond, or a neutral determination that he then posed a danger or risk of flight. *Ex.5*. The *in absentia* order, whose execution was stayed that day, cannot substitute for that required individualized determination.

75. The *Mathews* factors establish the process that was due before—or, if genuine urgency made advance process impracticable, promptly after—

Respondents confined him. See *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976); *Zinermon v. Burch*, 494 U.S. 113, 127–28 (1990).

76. In several recent decisions, courts in this District have found that immigration authorities violated or likely violated due process by re-detaining noncitizens who had been released shortly after their entry to the United States without notice or an opportunity to be heard. See *Cruz v. Lyons*, et al., No. 5:25-cv-02879-MCS-MBK (C.D. Cal. Nov. 6, 2025) at Dkt. 12 (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with United States Citizenship and Immigration Services); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), adopted, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in); see also *M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

77. Having been released from custody on ROR, Mr. Jaraba-Ibarra had a protected liberty interest in remaining free from physical confinement. A person who is actually free from confinement retains a liberty interest requiring due

process before re-incarceration even where that freedom is lawfully revocable. *Hurd v. District of Columbia Government*, 864 F.3d 671, 683 (D.C. Cir. 2017). Likewise, even individuals subject to significant conditions or Government discretion retain a protected liberty interest after release. *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

78. That interest is particularly substantial here. ICE released Mr. Jaraba-Ibarra under INA § 236 after determining that he was neither dangerous nor likely to flee. *Exs. 2, 4*. He then remained in the community for more than four years, appeared in Immigration Court, remained complaint, integrated into his community. *Exs. 5, 7, 9, 10, 14*. The Government's initial release decision created an implicit promise that his conditional liberty would be revoked only upon a valid basis and through constitutionally adequate procedures. *Morrissey v. Brewer*, 408 U.S. 471, 481–82 (1972); see also *Garcia v. Noem*, No. 25-cv-03759-LL-BLM, 2026 WL 194745, at *2 (S.D. Cal. Jan. 26, 2026).

79. Because Mr. Jaraba-Ibarra had a protected conditional-liberty interest, due process required procedures adequate to protect against its erroneous deprivation. *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). The relevant considerations are: (1) the private interest affected; (2) the risk of erroneous deprivation under the procedures used and the value of additional safeguards; and (3) the Government's interest and the administrative burden of the required

safeguards. *Id.* at 335. Each factor supports pre-deprivation notice, disclosure of reasons, and a meaningful opportunity to be heard before a neutral decisionmaker—or, if actual urgency made advance process impracticable, a prompt post-deprivation hearing. *Zinermon v. Burch*, 494 U.S. 113, 127–28 (1990).

80. First, Mr. Jaraba-Ibarra's interest in continued liberty was substantial. His ROR permitted him to live in the community rather than in immigration custody, and that interest was reinforced by his years of demonstrated compliance, known residence, employment, and church connections. See *Pinchi*, 792 F. Supp. 3d at 1032; *Morrissey*, 408 U.S. at 482.

81. Second, the risk of erroneous deprivation was high. The available record identifies no new criminal conduct, release violation, or other materially changed circumstance supporting the reversal of ICE's 2021 determination that Mr. Jaraba-Ibarra was neither dangerous nor likely to flee. To the contrary, he complied with the material conditions of ROR. The February 5, 2026 *in absentia* order does not establish present flight risk. It stemmed from a court created error after the clerk mailed the hearing notice to the wrong address, thereby never reaching the Petitioner. *Exs. 5, 7, 8, 12*. A neutral hearing would allow Respondents to test any asserted safety or appearance concern against the actual facts, including the notice error, Mr. Jaraba-Ibarra's compliance, known residence, employment, and community support.

82. That risk is precisely why release may not be revoked merely because a noncitizen remains subject to removal proceedings. ICE's decision to release reflects its determination that the noncitizen is not dangerous or a flight risk; re-detention requires a current, individualized basis to conclude otherwise. *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), aff'd sub nom. *Saravia ex rel. A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). The absence of an individualized hearing created an unacceptable risk that Mr. Jaraba-Ibarra was unnecessarily returned to custody. See *Cruz*, Dkt. 12 at 7; *Garcia*, 2026 WL 194745, at *3; *Pinchi*, 792 F. Supp. 3d at 1035.

83. Third, the Government had little interest in dispensing with advance process. ICE planned the arrest and knew where Mr. Jaraba-Ibarra lived; the record does not identify an urgent circumstance requiring immediate confinement without notice, reasons, or a hearing. Moreover, the automatic stay that was in effect on August 11 barred execution of the *in absentia* removal order. Respondents therefore could not invoke immediate removal as a justification for bypassing an individualized custody determination. The Government has no legitimate interest in detention where appearance can reasonably be assured through release conditions, and the burden of a custody hearing is minimal. *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017); see also *Pinchi*, 792 F. Supp. 3d at 1036.

84. Petitioner has a strong interest in remaining free from confinement. There is a significant risk that the Government's lack of constitutionally adequate procedures have resulted in his unnecessary detention, and the Government's interest in refusing to provide such process is minimal. The Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. See, *e.g., Sanchez v. LaRose*, No. 25-CV-2396-JES- MMP, 2025 WL 2770629, at *4 (S.D. Cal. Sept. 26, 2025) (finding the petitioner's parole was revoked without notice and a hearing and without a showing of a change of circumstances, thus violating his due process rights and rendering his detention unlawful); *Garcia,* 2026 WL 194745, at *3 (same); *Mumaev v. Semaia*, No. 5:25-CV- 03409-FLA (MAR), 2026 WL 530765 (C.D. Cal. Feb. 20, 2026) (same)

**D. The Court Should Restore Petitioner's ROR or, Alternatively, Require a Prompt Government-Burden Hearing**

86. The Supreme Court has repeatedly emphasized that "[h]abeas is at its core a remedy for unlawful executive detention," and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."))

87. The Ninth Circuit has similarly held that "the purpose of habeas remedies is to 'put the [petitioner] back in the position he would have been in if the [constitutional] violation never occurred.'" *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013) (quoting *Nunes v. Mueller*, 350 F.3d 1045, 1057 (9th Cir. 2003)); accord *Chioino v. Kernan*, 581 F.3d 1182, 1184 (9th Cir. 2009). Thus, "[a]s has been found in countless similar cases in this Circuit, the appropriate remedy in such cases is to order Petitioner placed in the position he would have been absent the due process violation—that is, he should be released from custody on the conditions that were initially imposed." *Iurii Mazurov v. Desert Annex Det. Facility*, No. 5:26-CV-02236-BFM, 2026 WL 1365164, at *4 (C.D. Cal. May 8, 2026) (citing cases); see also *Changoluiza Corrales v. D. Marin*, No. EDCV 26-01716-KK-RAOX, 2026 WL 1047934, at *6 (C.D. Cal. Apr. 15, 2026) (citing *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025)); *Morales v. U.S. Immigr. & Customs Enf't*, No. 5:26-CV-01404-DOC-MAR, 2026 WL 1026234, at *7 (C.D. Cal. Apr. 15, 2026) ("join[ing] numerous of its sister courts in finding that Petitioner's detention is unlawful" due to unlawful parole revocation and ordering release notwithstanding prior TRO providing a bond hearing and collecting cases); *Gutierrez v. Semaia*, No. 5:26-CV-01181-HDV, 2026 WL 916773, at *2 (C.D. Cal. Mar. 27, 2026); *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) (similar). As one court

in this District has aptly put it, "[t]he Court must heed the language in *Mathews* that '[a] claim to a pre-deprivation hearing as a matter of constitutional right rests on the proposition that full relief cannot be obtained at a post deprivation hearing.'" *Villegas Molina v. Mullin,* No. 2:26-CV-04091-MWC-SP, 2026 WL 1182194, at *3 (C.D. Cal. Apr. 23, 2026) (quoting *Mathews*, 424 U.S. at 331).

88. Moreover, due process requires notice and a pre- deprivation hearing before Petitioner may be re-detained. See, *e.g., Ixchop Perez v. McAleenan*, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed *sub nom. Perez v. McAleenan*, 2020 WL 8970669 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . . the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)). Specifically, Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community. See, *e.g., Mourey*, 2026 WL 467567, at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty. Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the

community." (internal quotation marks, brackets, and citation omitted)); *Carballo v. Andrews,* 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").

89. The appropriate primary remedy is restoration of the ROR conditions in effect immediately before August 11: Mr. Jaraba-Ibarra's required appearance at immigration-court proceedings and notification to the court of any address change. That relief returns him to the position he occupied before the completed deprivation of conditional liberty, while preserving Respondents' ability to seek re-detention through lawful procedures. Habeas relief should place a petitioner in the position he would have occupied absent the constitutional violation. *Lujan v. Garcia*, 734 F.3d 917, 935 (9th Cir. 2013). In the analogous immigration re-detention context, courts have ordered release subject to the conditions in effect before the unlawful revocation. *Iurii Mazurov v. Desert Annex Detention Facility*, No. 5:26-cv-02236-BFM, 2026 WL 1365164, at *4 (C.D. Cal. May 8, 2026). Because a later hearing cannot provide full relief for the completed deprivation of Mr. Jaraba-Ibarra's conditional liberty, *Mathews v. Eldridge*, 424 U.S. 319, 331 (1976), the Court should restore those ROR conditions.

90. Alternatively, the Court should order Mr. Jaraba-Ibarra's release unless Respondents promptly provide a hearing before a neutral decisionmaker. At that hearing, the Government must prove by clear and convincing evidence that he presently poses a danger or flight risk and that detention, rather than less restrictive conditions, is necessary. *Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011). The hearing must consider less restrictive alternatives, including the recognizance release that governed Mr. Jaraba-Ibarra for more than four years. *Hernandez v. Sessions*, 872 F.3d 976, 990–96 (9th Cir. 2017).

## CLAIMS FOR RELIEF

### Claim One:

### Unlawful Detention Because § 1231 Does Not Authorize Present Custody

91. Petitioner realleges and incorporates by reference the preceding paragraphs.
92. The removal period under 8 U.S.C. § 1231 cannot begin before a removal order becomes administratively final. 8 U.S.C. § 1231. Petitioner timely pursued the statutory rescission procedure for his *in absentia* order and timely appealed the denial of reopening. His appeal remains pending before the BIA.
93. Accordingly, for the reasons set out above, the removal order is not administratively final, the removal period has not begun, and § 1231 does not authorize Petitioner's current detention. See *Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059–60 (9th Cir. 2008).
94. Petitioner's custody is instead governed by § 1226(a)'s discretionary detention-and-release framework pending the ultimate decision whether he is to be removed. 8 U.S.C. § 1226(a). The August 11, 2026 automatic stay also barred execution of the in absentia order when Respondents took Petitioner into custody.

95. Petitioner is in custody in violation of the Constitution or laws of the United States and is entitled to relief under 28 U.S.C. § 2241.

**Claim Two:**
**Fifth Amendment Procedural Due Process: Unconstitutional Revocation of Conditional Liberty**

96. Petitioner realleges and incorporates by reference the preceding paragraphs.

97. ICE released Petitioner on ROR under INA § 236 in December 2021. He then lived openly in the community for more than four years, complied with the material conditions of release, maintained a known residence and employment, and developed community and church ties. Petitioner therefore possessed a protected conditional-liberty interest in remaining free from physical confinement.

98. On August 11, 2026, Respondents revoked that conditional liberty without written notice identifying a release violation or materially changed circumstance, disclosure of the factual basis for confinement, a meaningful opportunity to respond, or a neutral determination that Petitioner then presented a danger or flight risk. The in absentia order, whose execution was stayed on that date, could not substitute for a current individualized custody determination.

99. The deprivation occurred without the procedures required by the Fifth Amendment. Under the *Mathews* factors, Petitioner's liberty interest was substantial; the risk of error was high in light of the court-generated notice error, Petitioner's compliance, and the lack of a disclosed present basis for re-detention; and the Government had little interest in dispensing with advance process where ICE planned the arrest, knew Petitioner's location, and could not execute the removal order. See *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976); *Zinermon v. Burch*, 494 U.S. 113, 127–28 (1990).

100. Respondents' re-detention of Petitioner without constitutionally adequate procedures violated the Due Process Clause of the Fifth Amendment. Petitioner is entitled to habeas, declaratory, and individually tailored injunctive relief.

**EXHAUSTION**

101. No statutory exhaustion requirement bars this Petition under 28 U.S.C. § 2241. In immigration habeas cases, exhaustion is prudential rather than jurisdictional. *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011); *Laing v. Ashcroft*, 370 F.3d 994, 997–1000 (9th Cir. 2004).

102. Petitioner does not seek review of an Immigration Judge's discretionary custody determination because no individualized custody or bond hearing has occurred following his August 11, 2026 re-detention. This Petition instead challenges the statutory and constitutional legality of Respondents' completed revocation of his ROR: whether § 1231 authorizes his present detention; whether § 1226(a) instead governs; and whether Respondents revoked his conditional liberty without constitutionally adequate process. See 8 C.F.R. § 1003.19; *Singh v. Holder*, 638 F.3d 1196, 1201–03 (9th Cir. 2011).

103. Prudential exhaustion should be excused to the extent Respondents contend that the pending or requested custody procedure must be completed before this Court may act. The controlling issues are primarily legal and constitutional, and the material facts are established by the existing record: Petitioner's prior ROR, compliance, the court-created address error, the statutory MTR and stay, and the circumstances of his re-detention. Further

administrative proceedings cannot provide full relief for the completed deprivation of Petitioner's conditional liberty, including restoration to the position he occupied before the unlawful re-detention. See *Singh*, 638 F.3d at 1203 n.3; *Laing*, 370 F.3d at 1000.

104. In any event, this Petition does not seek district-court review of the merits of Petitioner's *in absentia* order or notice-based MTR, which remain before the BIA. It presents a collateral challenge to the present statutory basis and constitutionality of detention. Such constitutional and legal detention claims remain cognizable in habeas notwithstanding the limits on review of discretionary custody determinations. *Singh*, 638 F.3d at 1201–03.

**<u>IRREPARABLE HARM AND NEED FOR EXPEDITED HABEAS RELIEF</u>**

105. Petitioner remains physically confined following an allegedly unconstitutional revocation of ROR, without a disclosed individualized basis for re-detention or a meaningful opportunity to contest it. Continued deprivation of physical liberty constitutes irreparable harm. *Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018).

106. That harm is immediate. Each additional day of confinement continues the deprivation of the conditional liberty Petitioner exercised for more than four years and impairs his ability to consult with counsel and

pursue the BIA appeal concerning the court-generated notice error. A later custody hearing cannot provide full relief for a completed deprivation where due process required notice and an opportunity to be heard before re-detention absent genuine urgency. *Mathews v. Eldridge*, 424 U.S. 319, 331 (1976).

107. Petitioner accordingly requests expedited adjudication under 28 U.S.C. § 2243 and General Order 26-05. The requested habeas, declaratory, and individual injunctive relief will preserve the status quo ante—release on his pre-August 11 ROR conditions—while leaving Respondents free to pursue re-detention through constitutionally adequate procedures upon an adequate current showing.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Cesar Augusto Jaraba-Ibarra respectfully requests that the Court enter judgment in his favor and:

A. GRANT the Petition for Writ of Habeas Corpus;

B. DECLARE that 8 U.S.C. § 1231 does not authorize Petitioner's present detention; that Petitioner's present custody is governed by 8 U.S.C. § 1226(a); and that Respondents violated the Fifth Amendment by revoking Petitioner's ROR without constitutionally adequate process;

C. ORDER Respondents to immediately to release Petitioner, A-Number 240-199-486**,** from custody on the same Release on Recognizance conditions in effect immediately before August 11, 2026: which required his appearance at immigration-court proceedings and notification to the Immigration Court of any address change;

D. ORDER Respondents to immediately to return Petitioner's identification documents, employment-authorization documents, and any other personal property or documents seized from him during the August 11, 2026 re-detention and presently held by Respondents or their agents;

E. ORDER Respondents to file a Notice of Compliance within forty-eight hours of the Court's order confirming Petitioner's release and return of the property identified above;

F. ENJOIN Respondents from re-detaining Petitioner, or imposing electronic monitoring, home confinement, a curfew, or any materially more restrictive condition than the ROR conditions restored by this Order, unless Respondents first provide:

1. written notice identifying the factual and legal basis for the proposed restraint, including any asserted release violation or materially changed circumstance;
2. a meaningful opportunity for Petitioner, with counsel, to present evidence and respond to the asserted basis; and
3. a hearing before a neutral immigration judge at which the Government bears the burden to establish, by clear and convincing evidence, that Petitioner presently poses a danger to the community or a risk of flight and that the proposed restraint, rather than a less restrictive condition or combination of conditions, is necessary;

G. ALTERNATIVELY, if the Court declines to order immediate restoration of Petitioner's ROR, issue a conditional writ directing Respondents to release Petitioner unless, within a deadline set by the Court, Respondents provide the constitutionally adequate hearing described in subparagraph F;

H. ENJOIN Respondents from removing Petitioner while his timely BIA appeal remains pending, or from transferring him in a manner that impairs his access to counsel, pending BIA appeal, or this Court's habeas jurisdiction, without prejudice to the Government's independent notice obligations under General Order 26-05;

I. RETAIN JURISDICTION to enforce the Court's order and grant further relief as law and justice require; and

J. Award such other and further relief as the Court deems just and proper.

Dated: September 3, 2026

Respectfully Submitted,
<u>*S/ Erika Roman-Maury*</u>

Attorney for *Cesar Augusto Jaraba-Ibarra*
Email: Erika@ELRLawgroup.com

EXHIBIT INDEX


| EXHIBITS | PAGE |
|---|---|
| # 1 Passport of Cesa Jaraba-Ibarra | 42 |
| # 2 Form I-213 | 44-46 |
| # 3 Notice to Appear | 48-50 |
| # 4 Release on Recognizance | 52 |
| # 5 Declaration of Petitioner | 54-64 |
| # 6 Denial of Motion Dated 8-14-2026 | 66-69 |
| # 7 Form EOIR 33 "1506 School Road" | 71 |
| # 8 I-130 Approval Notice | 73-74 |
| # 9 Lease Agreement | 76 |
| #10 Form EOIR-33 From 1-12-2026 | 78 |
| #11 In Absentia Removal Order | 80-83 |
| #12 Pro Se Motion To Reopen | 85-89 |
| #13 Receipt To The Board of Immigration | 91-93 |
| #14 Letter From Church | 95-96 |

EXHIBIT 1

Passport of Cesa Jaraba-Ibarra



REPÚBLICA BOLIVARIANA DE VENEZUELA

PASAPORTE / PASSPORT

P VEN 135222265

JARABA IBARRA

CESAR AUGUSTO

VENEZOLANA 16048775

16 / Feb / Feb / 1982 M

13 / Abr / Apr / 2016 CIUDAD OJEDA VEN

12 / Abr / Apr / 2021

16-02-82

P<VENJARABA<IBARRA<<CESAR<AUGUSTO<<<<<<<<<<<

1352222650VEN8202165M210412016048775<<<<<<82

EOIR – 9 of 9

EXHIBIT 2

Form I-213

EARM

[redacted] |

Person ID: **14505479** Sex: **M** DOB: **02/16/1982** Current Age: **43** COB: **VENEZ** COC: **VENEZ**

Subject ID : **374364998** Processing Disposition: **Notice to Appear Released (I-862)** ICE Non-Detained Portal Verified Account: **No** RCA Look

Case # : 19292427 Case Category: **[8B]** Docket: [redacted]

Final Order of Removal: **No**
Final Order Date: **N/A**
Proceed With Removal: **N/A**
Days Final Order in Effect: **N/A**

Time in Custody: **N/A**
Depart / Cleared Status: **ACTIVE**

Special Class:




**Current / Active Alerts**

## Jaraba-Ibarra, Cesar Augusto 240 199 486

# Encounter Details

**1 Encounter(s) linked to Person ID: 14505479**

| | Ref# | Subject ID | A-Number | Last Name | First Name | COC | Historical Priority | DOB | Encountered on | Case | Case Category | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ◉ | 1 | 374364998 | 240199486 | JARABA-IBARRA | CESAR | VENEZ | [redacted] | 02/16/1982 | 12/28/2021 | 19292427 | 8B | Unlink |

# Encounter Details

All information below may only be edited in EAGLE

## Event / Incident Information

Event Number: **EGT2212001766**
Event Occurred On: **12/28/2021**
Event Type: **Administrative Non-Criminal Individual**
Program: **BP - Border Patrol**

[redacted]
Site: **N/A**
Landmark: **N/A**

Primary Agent: **N/A**
Assigned On:
Event Supervisor: **N/A**
Assigned On:

## Subject Information

FINS: **1315357050**
DNA Collection Device Number: **F0392089**
A-Number: **240 199 486**
Control Name: **JARABA-IBARRA**
First Name: **CESAR**
Middle Name: **AUGUSTO**
Maiden: **N/A**
Nickname: **N/A**
Living?: **N/A**
Sex: **M**
Marital Status: **Single**
SSN: **N/A**
Juvenile Verified: **N/A**
Occupation: **LABORER**
TSC Log #: **N/A**
NUIN #: **N/A**
SEN #: **N/A**
TECS Subject #: **N/A**

Historical Priority: [redacted]
Criminal Type: **N/A**
Agg Felon: **No Aggravated Felony Convictions**
Primary Citizenship: **VENEZUELA**
Stateless Type: **N/A**
Hair: **BLK**
Eyes: **BRO**
Complexion: **MED**
Race: **W**
Origin: **N/A**
Date of Birth: **02/16/1982**
Age: **43**
Age at Encounter: **39**
Height: **69**
Weight: **240**
Speak/Understand English: **N/A**
Read/Write English: **N/A**
Primary Language: **N/A**

Role: **I**
Role Comment: **N/A**
Processing Disposition: **Notice to Appear Released (I-862)**
INS Status: **Inadmissible Alien**
POE: **EAGLE PASS INTL BRIDGE**
Entry Date: **12/28/2021**
Entry Class: **PWA Mexico**
Apprehension Date: **2021-12-28 16:39:35.0**
Warrant served by Warrant Service Officer (WSO)? **N/A**
Arrest Method: **Patrol Border**
Site: **EGT**
Landmark: **DZ18 - EAGLE PASS ZONE 18**
Arrest At/Near: **EAGLE PASS, TX**
Juvenile Status: **N/A**
CBP Family Unit ID: **N/A**
CBP Separation Reason: **N/A**
Accompanying Family Member Relation: **N/A**

U.S. Veteran Status: **N/A**

Relationship to U.S. Veteran(s): **N/A**

Family Members: **N/A**

Alien is the parent ***and also*** the primary caregiver of a minor within the United States: **No**

Related Minor(s): **N/A**

Alien is the legal guardian of a minor within the United States: **No**

Related Minor(s): **N/A**

Alien is involved in active parental/child welfare proceedings of children located within the United States: **No**

Related Minor(s): **N/A**

Accompanying Family Member Subject ID: **N/A**

Consequence Delivery System Selection: **FIRA**

ICE Family ID: **N/A**

## I-213 Narrative

### Narrative 1 : Created Date: 12/30/2021 05:30 AM

ENCOUNTER:

On December 28, 2021, a Border Patrol Agent encountered a group of subjects in the Del Rio, Texas Border Patrol Sector. The agent identified himself as a United States Border Patrol Agent and questioned the subject as to his citizenship. Subject stated to being a citizen of Venezuela and subject freely admitted to being illegally present in the United States. The subject did not have any immigration documents to be in or remain in the United States legally. Subject was transported to the Carrizo Springs, Texas Border Patrol Station for processing.

POINT OF CONTACT IN THE UNITED STATES:
[redacted]

ENTRY DATA:
Subject admitted that they entered the United States by wading across the Rio Grande River near Eagle Pass, Texas on December 28, 2021. Subject freely admitted to being citizen and national of Venezuela; and not in possession of any documents allowing him to enter or remain in the United States legally.

ADMINISTRATIVE PROCESSING:
Pursuant to section 235 (b) (1) of the Immigration and Nationality Act (Act), (8 USC 1225(b)(1)), the Immigration and Naturalization Service has determined that subjects are inadmissible to the United States under section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

IMMIGRATION HISTORY:
No immigration history.

CRIMINAL HISTORY:
No criminal history.

CONSULAR NOTIFICATION:
The subject was notified of the right to communicate with a consular officer from Venezuela as per Article 36(a)(b) of the Vienna Convention of Consular Relations. The subject acknowledged understanding the right but declined to speak with anyone at this time.

CREDIBLE FEAR:
Subject was questioned as to any fear of being returned to their country of citizenship. Subject claimed to have fear of persecution or torture if returned to their native country of citizenship.

HEALTH:
Subject was notified that they have a right to medical treatment and was encouraged to self-refer for medical care.

HEALTH SCREEN:
Subject claims no illnesses or injuries.
Does the subject have a temp of 100.4 or over? No
Does the subject have shortness of breath? No
Does the subject have a cough? No
Does the subject have a sore throat? No
Has the subject travelled to/through a high-risk country that has been identified by the CDC? No

DISPOSITION:

The Subject was served with an NTA (I-862) and approved for release on their own recognizance with an I-220(A) containing reporting instructions for the nearest ICE/ERO office to their intended destination. The subject will be turned over to ICE/ERO and transferred to a detention facility, pending release.

Reporting Office: 8101 N. Stemmons Frwy. Dallas, Texas 75247

NOTE: This document does NOT convey any legal immigration status.

# EXHIBIT 3

## Notice to Appear

DEPARTMENT OF HOMELAND SECURITY

# NOTICE TO APPEAR

**In removal proceedings under section 240 of the Immigration and Nationality Act:**
Subject ID:374364998 FINS #:1315357050
DOB: 02/16/1982
File No: A240 199 486
Event No:EGT2212001766

In the Matter of:

Respondent: CESAR AUGUSTO JARABA-IBARRA currently residing at:

600 S MACARTHUR BLVD. IRVING, TEXAS, 75060 +1 (214)-900-1356
(Number, street, city, state and ZIP code) (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of VENEZUELA and a citizen of VENEZUELA ;
3. You arrived in the United States at or near EAGLE PASS, TX , on or about December 28, 2021 ;
4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8CFR 208.30 ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

1100 Commerce Street, Room 1060 Dallas TX US 75242
*(Complete Address of Immigration Court, including Room Number, if any)*

on a date to be set *(Date)* at a time to be *(Time)* to show why you should not be removed from the United States based on the charge(s) set forth above.

FELIX RODRIGUEZ ACTING PATROL AGENT IN CHARGE
*(Signature and Title of Issuing Officer) (Sign in ink)*

Date: December 30, 2021 CARRIZO SPRINGS, TEXAS
*(City and State)*

EOIR – 1 of 3

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/i-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

U.S. Citizenship Claims: If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before:

*(Signature of Respondent) (Sign in ink)*

Border Patrol Agent

*(Signature and Title of Immigration Officer) (Sign in ink)*

Date: 12/30/2021

## Certificate of Service

This Notice To Appear was served on the respondent by me on December 30, 2021, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person ☐ by certified mail, returned receipt # ____________ requested ☐ by regular mail

☒ Attached is a credible fear worksheet.

☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the SPANISH language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

*(Signature of Respondent if Personally Served) (Sign in ink)*

JOSE HERRERA-IV, Border Patrol Agent

*(Signature and Title of officer) (Sign in ink)*

**Privacy Act Statement**

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

***Disclosure:***
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

# EXHIBIT 4

## Release on Recognizance

U.S. Department of Homeland Security

# Order of Release on Recognizance

File No: A240 193 486
Date: December 30, 2021
Event No: EGT2212001766

Name: CESAR AUGUSTO JARABA-IBARRA

You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:

☒ You must report for any hearing or interview as directed by the Department of Homeland Security or the Executive Office for Immigration Review.

☒ You must surrender for removal from the United States if so ordered.

☒ You must report in (xxxxx) (person) to DEPORTATION OFFICER
(Name and Title of Case Officer)

at 8101 N. Stemmons Frwy. Dallas, TX 75247 (Location of DHS Office) on MARCH 02, 2022 (Day of each xxxxx month) at 09:00 AM (Time)

If you are allowed to report in writing, the report must contain your name, alien registration number, current address, place of employment, and other pertinent information as required by the officer listed above.

☒ You must not change your place of residence without first securing written permission from the immigration officer listed above.
☒ You must not violate any local, State, or Federal laws or ordinances.
☒ You must assist the Department of Homeland Security in obtaining any necessary travel documents.
☐ Other: ______

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

**NOTICE: Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by the Department of Homeland Security.**

[signature] fo
(Signature of DHS Official)

SDDO [signature]
(Printed Name and Title of Official)

**Alien's Acknowledgment of Conditions of Release on Recognizance**

I hereby acknowledge that I have (read) (had interpreted and explained to me in the SPANISH language) and understand the conditions of my release as set forth in this order. I further understand that if I do not comply with these conditions, the Department of Homeland Security may revoke my release without further notice.

[signature] (Signature of Immigration Officer Serving Order) X [signature] (Signature of Alien) 12/30/2021 (Date)

**Cancellation of Order**

I hereby cancel this order of release because: ☐ The alien failed to comply with the conditions of release.
☐ The alien was taken into custody for removal

(Signature of Immigration Officer Canceling Order) (Date)

Form I-220A (Rev. 08/01/07) N

EOIR – 8 of 9

EXHIBIT 5

Declaration of Petitioner

**TRANSLATION OF DECLARATION OF CESAR AUGUSTO JARABA-IBARRA**

//I, Cesar Augusto Jaraba-Ibarra, declare as follows:

1. I am the Petitioner in this action. I make this declaration from my own personal knowledge. If called as a witness, I could and would testify competently to the facts stated below.
2. I am a native and citizen of Venezuela. I was born on February 16, 1982. I am currently detained at the Adelanto ICE Processing Center in Adelanto, California.

3. On or about December 28, 2021, I was encountered by immigration officers in the Del Rio, Texas area after entering the United States. I told the officers that I was afraid of being persecuted and harmed if I were returned to Venezuela.
4. I was placed in removal proceedings and served with a Notice to Appear.
5. On December 30, 2021, immigration officers released me from custody. They gave me a document titled "Order of Release on Recognizance." I understood from that document and from what I was told that I was being released on my own recognizance while my immigration court case went forward.
6. I was not required to post a bond of any amount. I was not placed on an ankle monitor, a GPS device, a telephonic check-in program, or any other form of electronic monitoring. I was not given a curfew. I was not told to report to an ICE office on any schedule, and I was never given an ICE check-in date. The only things I was told to do were to appear in immigration court when I was required to appear and to keep the court informed of my address.
7. From the day I was released on December 30, 2021 until the day I was arrested on August 11, 2026, I lived continuously in the interior of the United States. I never left the United States during that time.
8. During that entire period — more than four and a half years — no immigration officer ever told me that I had broken any condition of my release. No officer ever accused me of failing to do something I was supposed to do. No one ever called me in for a review of my release. I never received any document telling me that my release was being reconsidered or revoked. To my knowledge, nothing about my release conditions changed between December 30, 2021 and August 11, 2026.

9. On January 31, 2024, I appeared in person at the Dallas Immigration Court for a master calendar hearing. I was present in the courtroom for that hearing.
10. That same day, in court, I filed a change of address form, Form EOIR-33. On that form I wrote my address as 1506 School Rd Apt 502, Dallas, TX 75006. That was my address at the time, and 1506 School Rd is the address I wrote on the form.
11. I was told that a notice for my next hearing would be sent to me in the mail at the address I had given the court.
12. I never received a hearing notice for a hearing on February 5, 2026. No such notice ever arrived at my address. I have since been shown a copy of the notice the court mailed, and it is addressed to "1806 School Road Apt 502, Dallas, TX 75006." That is not the address I gave the court and it is not an address where I have ever lived or received mail.

13. In January 2025, I moved from Texas to 25917 E. Baseline Street, Apartment 26, San Bernardino, California. I signed a residential lease for that apartment and I have lived there since.
14. On January 12, 2026, I filed another Form EOIR-33 with the immigration court reporting my new address in San Bernardino, California.
15. On February 3, 2026, I filed a motion asking the court to move my case from Texas to California. With that motion I submitted copies of my utility bills for the San Bernardino apartment showing that I was living there. I later learned that the motion was denied.
16. I did not know I had to appear in court in Texas on February 5, 2026. I did not appear.
17. After the day passed, I learned that I had been ordered removed in my absence, I filed a motion on March 20, 2026, without a lawyer, asking the court to reopen my case and explaining that I had not received the hearing notice.
18. On August 11, 2026, while the motion was still pending and undecided, at about 6:00 a.m., I left my home to buy groceries before going to work. My partner, Virgilia Villegas, was with me.
19. A short distance from my home, three vehicles intercepted us and the officers inside instructed us to pull over. Officers approached me, showed me a photograph of myself, and asked me to identify myself. I told them truthfully who I was. I was then handcuffed and placed into one of the vehicles.
20. I did not run. I did not resist. I did not give a false name or a false address. I identified myself as soon as I was asked.
21. I was not stopped at a border, at an airport, or anywhere far from home. I was stopped near the home at 25917 E. Baseline Street, Apartment 26, San Bernardino, California — the same address I had reported to the immigration court on my Form EOIR-33 in January 2026, and the same address on my lease and my utility bills.
22. I was not in hiding when I was arrested. I was living openly at an address I had given to the immigration court in writing, in an apartment I rented in my own name, with utilities in my name, and I was on my way to work.
23. Before August 11, 2026, no one ever told me that I was going to be taken into custody. No one told me to get my affairs in order, to arrange care for my family, or to prepare for being separated from them for an indefinite period.
24. No one ever told me that my release was going to be revoked. No one ever told me that I was accused of violating a condition of my release. No one ever told me that any immigration officer had made a decision about my custody.
25. At the time of my arrest, and at every point since, no officer has given me any written document explaining why my release was revoked or why I am being detained. I have never been served with a written revocation notice. I have never been served with a Form I-286. I have never been served with a Form I-203. To my knowledge, no such document has been given to me or to my attorney.
26. I have never been given a chance to explain my situation to anyone with authority over my custody, to contest the decision to take me back into custody, or to show that I am not a danger to anyone and not a flight risk. No judge has ever held a hearing about whether I should be detained.
27. To my knowledge, no judge and no neutral officer has ever found that I am a danger to the community, that I am a flight risk, that I violated a condition of my release, or that anything short of locking me up would be insufficient.

28. I have five children: Cesar Jr., Cristian, Veronica, Anabel, and Jose Miguel. They are all natives and citizens of Venezuela, and each of them has an affirmative application for asylum pending.
29. Before I was detained, I was working and I used my earnings to support my household, including the rent and the utilities for the apartment at 25917 E. Baseline Street, Apartment 26, San Bernardino, California. Since I was taken into custody I have not been able to work and I have not been able to meet those obligations. My family is now struggling to keep up with the rent and utilities.
30. Since moving to San Bernardino I have been a member of the congregation at Alcance Victoria San Bernardino, where Gilbert Rodriguez is the senior pastor. I attended services and participated in the life of that church regularly until I was arrested.
31. I have never been convicted of a crime, and I have never been charged with a crime, in the United States or in any other country.
32. Being detained has made it much harder for me to help with the appeal that is now pending before the Board of Immigration Appeals — the case that will decide whether the removal order entered without me is undone.
33. From inside the facility I cannot get to the documents I keep at home. It is difficult and expensive to make telephone calls, calls are limited and are not private, and mail takes a long time in both directions. I cannot go in person to my former employer, my church, my landlord, or the utility companies to obtain letters or records. I have to rely on other people to do everything for me, and I cannot review documents with my attorney the way I could if I were free.
34. If I am released, I will do everything the Court and immigration authorities require of me. I will appear at every hearing. I will live at my address in San Bernardino and I will report any change of address in writing. I will comply with any reporting requirement or other condition that is imposed on me. I have appeared for every hearing I knew about, and I want my case decided on its merits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on *September 3*, 2026, at Adelanto, California.

*/s/Cesar Augusto Jaraba-Ibarra*
CESAR AUGUSTO JARABA-IBARRA//

**CERTIFICATE OF TRANSLATION**

I, MARDY M. SPROULE, declare that I am fluent in the English and Spanish languages; that I read the foregoing Declaration of Cesar Augusto Jaraba-Ibarra to Mr. Jaraba-Ibarra in Spanish in its entirety; that he stated that he understood its contents; and that he confirmed the contents to be true and correct before signing it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 3, 2026, at WHITTIER, California.

*/S/ Mardy M. Sproule*
Mardy M. Sproule, Translator

**DECLARACIÓN DE CESAR AUGUSTO JARABA-IBARRA**

Yo, Cesar Augusto Jaraba-Ibarra, declaro lo siguiente:

1. Soy el Peticionario en esta acción. Hago esta declaración con base en mi propio conocimiento personal. Si fuera llamado como testigo, podría testificar y testificaría de manera competente sobre los hechos que expongo a continuación.

2. Soy nativo y ciudadano de Venezuela. Nací el 16 de febrero de 1982. Actualmente me encuentro detenido en el Centro de Procesamiento de ICE de Adelanto, en Adelanto, California.

3. El 28 de diciembre de 2021, o alrededor de esa fecha, fui encontrado por agentes de inmigración en el área de Del Rio, Texas, después de haber entrado a los Estados Unidos. Les dije a los agentes que tenía miedo de ser perseguido y de sufrir daño si me regresaban a Venezuela.

4. Fui puesto en procedimientos de expulsión y se me entregó una Notificación de Comparecencia (Notice to Appear).

5. El 30 de diciembre de 2021, agentes de inmigración me pusieron en libertad. Me entregaron un documento titulado "Orden de Liberación bajo Palabra" (Order of Release on Recognizance). Entendí, por ese documento y por lo que me dijeron, que se me estaba liberando bajo mi propia palabra mientras mi caso en la corte de inmigración seguía adelante.

6. No se me exigió pagar ninguna fianza. No se me colocó un grillete electrónico en el tobillo, ni un dispositivo de GPS, ni un programa de reportes telefónicos, ni ningún otro tipo de

monitoreo electrónico. No se me impuso un toque de queda. No se me ordenó presentarme a ninguna oficina de ICE en ninguna fecha, y nunca se me dio una cita de reporte con ICE. Lo único que se me dijo que tenía que hacer era presentarme a la corte de inmigración cuando fuera requerido y mantener informada a la corte de mi dirección.

7. Desde el día en que fui liberado, el 30 de diciembre de 2021, hasta el día de mi arresto, el 11 de agosto de 2026, viví de forma continua en el interior de los Estados Unidos. Nunca salí de los Estados Unidos durante ese tiempo.

8. Durante todo ese período —más de cuatro años y medio— ningún agente de inmigración me dijo jamás que yo hubiera incumplido alguna condición de mi liberación. Ningún agente me acusó jamás de haber dejado de hacer algo que me correspondía hacer. Nadie me citó jamás para revisar mi liberación. Nunca recibí ningún documento que me informara que mi liberación estaba siendo reconsiderada o revocada. Hasta donde yo sé, nada relacionado con las condiciones de mi liberación cambió entre el 30 de diciembre de 2021 y el 11 de agosto de 2026.

9. El 31 de enero de 2024 me presenté personalmente ante la Corte de Inmigración de Dallas para una audiencia de calendario maestro (master calendar). Estuve presente en la sala para esa audiencia.

10. Ese mismo día, en la corte, presenté un formulario de cambio de dirección, el Formulario EOIR-33. En ese formulario escribí mi dirección como 1506 School Rd Apt 502, Dallas, TX 75006. Esa era mi dirección en ese momento, y 1506 School Rd es la dirección que escribí en el formulario.

11. Se me dijo que la notificación de mi próxima audiencia me sería enviada por correo a la dirección que le había dado a la corte.

12. Nunca recibí una notificación de audiencia para una audiencia el 5 de febrero de 2026. Esa notificación nunca llegó a mi dirección. Posteriormente se me mostró una copia de la notificación que la corte envió por correo, y está dirigida a "1806 School Road Apt 502, Dallas, TX 75006". Esa no es la dirección que le di a la corte y no es una dirección donde yo haya vivido o recibido correspondencia en ningún momento.

13. En enero de 2025 me mudé de Texas a 25917 E. Baseline Street, Apartamento 26, San Bernardino, California. Firmé un contrato de arrendamiento residencial para ese apartamento y he vivido ahí desde entonces.

14. El 12 de enero de 2026 presenté otro Formulario EOIR-33 ante la corte de inmigración informando mi nueva dirección en San Bernardino, California.

15. El 3 de febrero de 2026 presenté una moción pidiendo a la corte que trasladara mi caso de Texas a California. Junto con esa moción entregué copias de mis recibos de servicios públicos del apartamento en San Bernardino que demostraban que yo estaba viviendo ahí. Después supe que la moción fue negada.

16. No sabía que tenía que presentarme a la corte en Texas el 5 de febrero de 2026. No me presenté.

17. Después de que pasó ese día, supe que se había ordenado mi expulsión en mi ausencia. El 20 de marzo de 2026 presenté una moción, sin abogado, pidiendo a la corte que reabriera mi caso y explicando que yo no había recibido la notificación de audiencia.

18. El 11 de agosto de 2026, mientras la moción seguía pendiente y sin resolver, aproximadamente a las 6:00 a.m., salí de mi casa para comprar comida antes de irme a trabajar. Mi pareja, Virgilia Villegas, iba conmigo.

19. A poca distancia de mi casa, tres vehículos nos interceptaron y los agentes que iban dentro nos indicaron que nos orilláramos. Unos agentes se me acercaron, me mostraron una fotografía mía y me pidieron que me identificara. Les dije la verdad sobre quién era yo. Enseguida me esposaron y me metieron en uno de los vehículos.

20. No corrí. No me resistí. No di un nombre falso ni una dirección falsa. Me identifiqué en cuanto me lo pidieron.

21. No fui detenido en la frontera, ni en un aeropuerto, ni en ningún lugar lejano a mi casa. Fui detenido cerca de mi domicilio en 25917 E. Baseline Street, Apartamento 26, San Bernardino, California —la misma dirección que había reportado a la corte de inmigración en mi Formulario EOIR-33 en enero de 2026, y la misma dirección que aparece en mi contrato de arrendamiento y en mis recibos de servicios públicos.

22. No estaba escondido cuando me arrestaron. Estaba viviendo abiertamente en una dirección que le había dado por escrito a la corte de inmigración, en un apartamento que yo mismo rentaba a mi nombre, con los servicios públicos a mi nombre, y me dirigía a mi trabajo.

23. Antes del 11 de agosto de 2026, nadie me dijo jamás que yo iba a ser puesto bajo custodia. Nadie me dijo que arreglara mis asuntos, que consiguiera quién cuidara de mi familia, ni que me preparara para ser separado de ellos por un tiempo indefinido.

24. Nadie me dijo jamás que mi liberación iba a ser revocada. Nadie me dijo jamás que se me acusaba de haber violado una condición de mi liberación. Nadie me dijo jamás que algún agente de inmigración hubiera tomado una decisión respecto de mi custodia.

25. Ni al momento de mi arresto ni en ningún momento desde entonces, ningún agente me ha entregado documento escrito alguno que explique por qué se revocó mi liberación o por qué estoy detenido. Nunca se me ha entregado una notificación escrita de revocación. Nunca se me ha entregado un Formulario I-286. Nunca se me ha entregado un Formulario I-203. Hasta donde yo sé, ningún documento de ese tipo se me ha entregado a mí ni a mi abogada.

26. Nunca se me ha dado la oportunidad de explicar mi situación a alguien con autoridad sobre mi custodia, ni de impugnar la decisión de volver a ponerme bajo custodia, ni de demostrar que no soy un peligro para nadie y que no soy un riesgo de fuga. Ningún juez ha celebrado jamás una audiencia sobre si debo estar detenido.

27. Hasta donde yo sé, ningún juez y ningún funcionario neutral ha determinado jamás que yo sea un peligro para la comunidad, que sea un riesgo de fuga, que haya violado una condición de mi liberación, ni que algo menos que mantenerme encerrado sería insuficiente.

28. Tengo cinco hijos: Cesar Jr., Cristian, Veronica, Anabel y Jose Miguel. Todos son nativos y ciudadanos de Venezuela, y cada uno de ellos tiene una solicitud afirmativa de asilo pendiente.

29. Antes de ser detenido, yo estaba trabajando y usaba mis ingresos para mantener a mi hogar, incluyendo la renta y los servicios públicos del apartamento en 25917 E. Baseline Street,

Apartamento 26, San Bernardino, California. Desde que me pusieron bajo custodia no he podido trabajar y no he podido cumplir con esas obligaciones. Mi familia ahora está batallando para mantenerse al corriente con la renta y los servicios públicos.

30. Desde que me mudé a San Bernardino he sido miembro de la congregación de Alcance Victoria San Bernardino, donde Gilbert Rodriguez es el pastor principal. Asistí a los servicios y participé en la vida de esa iglesia con regularidad hasta que fui arrestado.

31. Nunca he sido condenado por un delito, y nunca he sido acusado de un delito, ni en los Estados Unidos ni en ningún otro país.

32. Estar detenido ha hecho mucho más difícil que yo pueda ayudar con la apelación que ahora está pendiente ante la Junta de Apelaciones de Inmigración —el caso que decidirá si se deja sin efecto la orden de expulsión dictada sin mi presencia.

33. Desde dentro del centro de detención no puedo acceder a los documentos que guardo en mi casa. Hacer llamadas telefónicas es difícil y caro, las llamadas son limitadas y no son privadas, y el correo tarda mucho tiempo en ambas direcciones. No puedo ir en persona con mi antiguo empleador, mi iglesia, mi arrendador ni las compañías de servicios públicos para conseguir cartas o registros. Tengo que depender de otras personas para todo, y no puedo revisar documentos con mi abogada como podría hacerlo si estuviera libre.

34. Si soy puesto en libertad, haré todo lo que la Corte y las autoridades de inmigración me exijan. Me presentaré a todas las audiencias. Viviré en mi domicilio de San Bernardino y reportaré por escrito cualquier cambio de dirección. Cumpliré con cualquier requisito de reporte o cualquier otra condición que se me imponga. Me he presentado a todas las

audiencias de las que he tenido conocimiento, y quiero que mi caso se decida sobre sus méritos.

Declaro bajo pena de perjurio conforme a las leyes de los Estados Unidos de América que lo anterior es verdadero y correcto.

Firmado el 3 de septiembre de 2026, en Adelanto, California.

/s/ Cesar Augusto Jaraba-Ibarra

CESAR AUGUSTO JARABA-IBARRA

EXHIBIT 6

Denial of Motion To Reopen Dated 8-14-2026

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**DALLAS IMMIGRATION COURT**

| | |
|---|---|
| Respondent Name:<br>JARABA-IBARRA, CESAR AUGUSTO<br>To:<br>JARABA-IBARRA, CESAR AUGUSTO<br>25919 BASELINE ST<br>APT 26<br>SAN BERNARDINO, CA 92410 | A-Number:<br>240-199-486<br>Riders:<br>In Removal Proceedings<br>Initiated by the Department of Homeland Security<br>Date:<br>08/14/2026 |

**ORDER OF THE IMMIGRATION JUDGE**

Respondent was ordered removed from the United States *in absentia* on 02/05/2026

☑ Respondent ☐ the Department of Homeland Security has now filed a motion to reopen these proceedings.

Upon reading and considering the motion, and any opposition from the non-moving party, the motion is ☐ granted ☑ denied for the following reason(s):

☑ Failure to demonstrate that Respondent's failure to appear was the result of exceptional circumstances. *See* INA § 240(b)(5)(C)(i), (e)(1).

☑ Failure to demonstrate that the Respondent did not receive notice under INA § 239(a)(1)-(2). *See* INA § 240(b)(5)(C)(ii).

☑ Other:

An order of removal entered in absentia pursuant to INA § 240(b)(5) may be rescinded upon a motion to reopen filed at any time if the applicant demonstrates that he did not receive notice in accordance with INA §§ 239(a)(1) or (2) of the Act, or the applicant demonstrates that he was in Federal or state custody and the failure to appear was through no fault of the applicant. 8 C.F.R. § 1003.23(b)(4)(ii). "[W]hen a respondent seeks to reopen proceedings based on a claim of lack of receipt of notice, the question to be determined is whether the respondent has presented sufficient evidence to overcome the weaker presumption of delivery attached to notices delivered by regular mail." Matter of M-R-A-, 24 I&N Dec. 665, 673 (BIA 2008).

An order of removal entered in absentia may be rescinded upon a motion to reopen filed within 180 days of its entry if the respondent demonstrates that her failure to appear was due to exceptional circumstances. 8 C.F.R. § 1003.23(b)(4)(ii). Exceptional circumstances are circumstances beyond the control of the respondent, including "battery or extreme cruelty to the respondent or any child or parent of the respondent, serious

illness of the respondent, or serious illness or death of the spouse, child, or parent of the respondent, but not including less compelling circumstances." INA § 240(e)(1). This "is a difficult burden to meet." Magdaleno de Morales v. INS, 116 F.3d 145, 148 (5th Cir. 1997). The Court must look to the "totality of the circumstances" in deciding whether exceptional circumstances exist. Matter of W-F-, 21 I&N Dec. 503, 509 (BIA 1996). The deadline does not apply if Respondent is seeking VAWA-related relief. See INA § 240(c)(7)(C)(iv).

An immigration judge may reopen proceedings sua sponte only in truly exceptional circumstances warranting the exercise of such limited discretionary authority. See Matter of G-D-, 22 I&N Dec. 1132, 1133-34 (BIA 1999). Sua sponte authority should be used "sparingly, treating it not as a general remedy for any hardships created by enforcement of the time and number limited in the motions regulations, but as an extraordinary remedy reserved for truly exceptional situations." Id. It is a respondent's burden to demonstrate that his situation is truly exceptional so as to merit a favorable exercise of the immigration judge's discretionary authority to reopen removal proceedings. Matter of Beckford, 22 I&N Dec. 1216, 1218 (BIA 2000).

In this case, an official of the Department of Homeland Security (DHS) served a Notice to Appear on the respondent personally on December 30, 2021. The Notice bears the respondent's signature indicating receipt. On the same signature page the Notice includes a paragraph indicating the consequences for a failure to appear at a scheduled hearing, and the requirement to promptly notify the Court and DHS of address changes using form EOIR-33.

When the Notice to Appear was generated in 2021, the respondent provided his MACARTHUR BLVD, IRVING, TEXAS, address to DHS. That address appears on the Notice. On January 31, 2024, the respondent appeared at a Master Calendar hearing at the Dallas Immigration Court pursuant to a hearing notice mailed to his MACARTHUR BLVD address. At that hearing, the Immigration Judge provided an oral advisal concerning the need to maintain a current address and appear at all scheduled hearings or face an order of removal in absentia.

On the same day as his January 31, 2024, Master Calendar hearing the respondent filed an EOIR-33 with the court indicating a change of address to SCHOOL ROAD in Dallas, Texas. Accordingly, on January 31, 2024, the Court generated a hearing notice for a follow-on Master Calendar hearing and mailed it to the respondent at his SCHOOL ROAD address. That mailing notified the respondent to appear in person two years later for a February 5, 2026, 1pm Master Calendar hearing at the Dallas Immigration Court located at 1100 Commerce Street, Suite 1060, Dallas Texas 75242. That hearing date has never changed.

On January 13, 2026, just over two weeks before the long-scheduled hearing date of February 5, 2026, the Court received an EOIR-33 from the respondent with notice of an address change from Texas to California. The Court made no change to the hearing date, and an EOIR-33 does not change venue.

On February 3, 2026, two days prior to his scheduled Master Calendar hearing, the respondent filed a motion with the Court (ultimately denied) to change venue to

California. The respondent's motion attached a California gas bill generated in December 2025. This attachment confirmed that the respondent failed to notify the Court within five days of his relocation from Texas to California on an unknown date prior to December 2025.

The respondent had been advised previously in writing and orally of the need for prompt notification to the Court and DHS of address changes, and the consequences of a failure to appear for a scheduled hearing. Nonetheless, he failed to appear. Thus, on February 5, 2026, the Court duly entered an order removing the respondent to Venezuela in absentia owing to his failure to appear.

A Notice of Hearing is properly served where personally delivered to the alien or her attorney, or where mailed to the attorney or to the alien's most recently provided address. INA § 239(a)(2).

In this case, the Court finds that on January 31, 2024, the Court mailed to the respondent's correct record address (SCHOOL ROAD) a written notice for the hearing the respondent failed to attend on February 5, 2026. The respondent failed to demonstrate that he did not receive notice at SCHOOL ROAD, and no exceptional circumstances were alleged to excuse his failure to appear.

The respondent did not ask the Court to exercise its authority to reopen his case sua sponte. Even if he had, the Court would have declined. The court does not consider this matter to constitute a truly exceptional case warranting sua sponte reopening.

Accordingly, based upon the totality of the circumstances, the Court

DENIES the respondent's motion to reopen; and

DENIES the respondent's request for a filing fee waiver.

Immigration Judge: Douglas, Richard 08/14/2026

Appeal: Department of Homeland Security: ☐ waived ☐ reserved
Respondent: ☐ waived ☐ reserved
Appeal Due:

**Certificate of Service**

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ M ] Alien | [ ] Alien c/o custodial officer | [ ] Alien atty/rep. | [ E ] DHS
Respondent Name : JARABA-IBARRA, CESAR AUGUSTO | A-Number : 240-199-486
Riders:
Date: 08/17/2026 By: GOODE, MICHELLE, Court Staff

# EXHIBIT 7

Form EOIR 33-1 School Road

U.S. Department of Justice

Executive Office for Immigration Review

# Change of Address/Contact Information Form
# Immigration Court

**Instructions: To complete this form, fill out all blanks below, including proof of service, which certifies that you will provide a copy of this form to the Department of Homeland Security (DHS). After filling in the blanks and signing both the declaration and proof of service, you must submit the form electronically, in person, or by mail. If submitting electronically, file in Respondent Portal at https://respondentaccess.eoir.justice.gov. Attorneys and fully accredited representatives submitting this form electronically must file in Case Portal at https://portal.eoir.justice.gov. If submitting by mail, follow the mailing instructions on Page 2. You must submit a separate copy of this form for each individual who has a case pending in immigration court and whom the change of information affects.**

You must file this form with the immigration court within five working days of the change to your contact information, or your receipt of a charging document (e.g., a Notice to Appear) with incorrect contact information. The immigration court will send all official correspondence (e.g., notices, decisions) to the address you provide. The immigration court will only make any change(s) to your contact information in EOIR's records upon receipt of this form; the immigration court will not change your contact information based on different information on pleadings, motions, or other communications with the court.

If you fail to appear at any hearing before an immigration judge when notice of that hearing or other official correspondence was served on you or sent to the address you provided, DHS may take you into custody. In addition, the immigration court may conduct your hearing in your absence and enter an order of removal, deportation, or exclusion against you. If the court enters such an order, you may be ineligible for certain forms of relief from removal under the Immigration and Nationality Act as follows:

- If you are in *removal* proceedings: You will be subject to an order of removal for a period of ten years after the date of entry of the final order. You may also become ineligible for voluntary departure, cancellation of removal, and adjustment of status or change of status.
- If you are in *deportation* proceedings: You will be subject to an order of deportation for a period of five years after the date of the entry of the final order. You may also become ineligible for voluntary departure, suspension of deportation or voluntary departure, and adjustment of status or change of status.
- If you are in *exclusion* proceedings: Your application for admission to the United States may be considered withdrawn.

| Name – Last, First, Middle, Suffix (if applicable): | A-Number: |
|---|---|
| Cesar Augusto Jaraba Ibarra | 240-199-486 |

| My FORMER address and phone number were: | My CURRENT address and phone number are: |
|---|---|
| "in care of" other person (if any) | "in care of" other person (if any) |
| Number; Street; Apartment (if any) | 1506 School Rd Apt 502<br>Number; Street; Apartment (if any) |
| City, State, and ZIP code; Country (if other than U.S.) | Dallas tx 75006<br>City, State, and ZIP code; Country (if other than U.S.) |
| Phone Number (include country code if other than U.S.) | 2144071173<br>Phone Number (include country code if other than U.S.) |
| Email Address | Jarabacesar218@gmail.Com<br>Email Address |

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the person named above associated with the A-Number listed above, and that the information contained in this form is true and correct to the best of my knowledge.

**SIGN HERE** ➡ x [signature] Signature 01-31-2024 Date

## PROOF OF SERVICE

I, Cesar A. Jaraba Ibarra (Name), provided a copy of this Change of Address Form on, 01-31-2024 (date) to the

to the Office of the Principal Legal Advisor for DHS Immigration and Customs Enforcement-ICE at:

125 EAST JOHN CARPENTER FREEWAY, STE 500, IRVING TX 75062

(Indicate if electronic/email service, or in-person or mail service (provide Number and Street, City, State, ZIP Code))

By signing, I agree to provide a copy of this Change of Address Form to the Office of the Principal Legal Advisor for DHS Immigration and Customs Enforcement-ICE at the location I selected above. I understand that I can provide DHS with a copy either electronically through the DHS eService portal (register at https://eserviceregistration.ice.gov), or by mail or personal delivery.

☐ No service needed. I am an ECAS-registered user who filed through the ECAS/Case Portal.

**SIGN HERE** ➡ x [signature] Signature

Received In Court
Date: 1/31/24
By: MCG

EOIR – 1 of 1

Form EOIR-33/IC
Revised February 2022

# EXHIBIT 8

Hearing Notice "1806 School Road"

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
DALLAS IMMIGRATION COURT

LEAD FILE: 240-199-486
IN REMOVAL PROCEEDINGS
DATE: Jan 31, 2024

TO:
JARABA-IBARRA, CESAR AUGUSTO
1806 SCHOOL ROAD APT 502
DALLAS, TX 75006

RE: 240-199-486 JARABA-IBARRA, CESAR AUGUSTO

**Notice of In-Person Hearing**

Your case has been scheduled for a MASTER hearing before the immigration court on:

Date: Feb 5, 2026
Time: 1:00 P.M.
Court Address: 1100 COMMERCE ST., SUITE 1060, DALLAS, TX 75242

**Representation:** You may be represented in these proceedings, at no expense to the Government, by an attorney or other representative of your choice who is authorized and qualified to represent persons before an immigration court. If you are represented, your attorney or representative must also appear at your hearing and be ready to proceed with your case. Enclosed and online at https://www.justice.gov/eoir/list-pro-bono-legal-service-providers is a list of free legal service providers who may be able to assist you.

**Failure to Appear:** If you fail to appear at your hearing and the Department of Homeland Security establishes by clear, unequivocal, and convincing evidence that written notice of your hearing was provided and that you are removable, you will be ordered removed from the United States. Exceptions to these rules are only for exceptional circumstances.

**Change of Address:** The court will send all correspondence, including hearing notices, to you based on the most recent contact information you have provided, and your immigration proceedings can go forward in your absence if you do not appear before the court. If your contact information is missing or is incorrect on the Notice to Appear, you must provide the immigration court with your updated contact information within five days of receipt of that notice so you do not miss important information. Each time your address, telephone number, or email address changes, you must inform the immigration court within five days. To update your contact information with the immigration court, you must complete a Form EOIR-33 either online at https://respondentaccess.eoir.justice.gov/en/ or by completing the enclosed paper form and mailing it to the immigration court listed above.

**Internet-Based Hearings:** If you are scheduled to have an internet-based hearing, you will appear by video or telephone. If you prefer to appear in person at the immigration court named above, you must file a motion

for an in-person hearing with the immigration court at least fifteen days before the hearing date provided above. Additional information about internet-based hearings for each immigration court is available on EOIR's website at https://www.justice.gov/eoir/eoir-immigration-court-listing.

**In-Person Hearings:** If you are scheduled to have an in-person hearing, you will appear in person at the immigration court named above. If you prefer to appear remotely, you must file a motion for an internet-based hearing with the immigration court at least fifteen days before the hearing date provided above.

For information about your case, please call **1-800-898-7180** (toll-free) or **304-625-2050.**

**The Certificate of Service on this document allows the immigration court to record delivery of this notice to you and to the Department of Homeland Security.**

---

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY:MAIL[M] PERSONAL SERVICE[P] ELECTRONIC SERVICE[E]
TO: [p] Noncitizen | [ ] Noncitizen c/o Custodial Officer |
[ ] Noncitizen ATT/REP | [e] DHS
DATE: 01/31/2024 BY: COURT STAFF Michelle Goode
Attachments:[ ] EOIR-33 [ ] Appeal Packet [ ] Legal Services List [ ] Other NH

Use a smartphone's camera to scan the code on this page to read the notice online.

Usa la cámara de un teléfono inteligente para escanear el código de esta página y leer el aviso en línea.

Use a câmara do smartphone para digitalizar o código nesta página e ler o manual de instruções online.

**使用智能手机**摄像头扫描本页面的代码，即可在线阅读该通知。

ਨੋਟਿਸ ਨੂੰ ਔਨਲਾਈਨ ਪੜ੍ਹਨ ਲਈ ਇਸ ਪੰਨੇ 'ਤੇ ਕੋਡ ਨੂੰ ਸਕੈਨ ਕਰਨ ਲਈ ਸਮਾਰਟਫੋਨ ਦੇ ਕੈਮਰੇ ਦੀ ਵਰਤੋਂ ਕਰੋ।

অনলাইনে নোটিশ পড়ার জন্য এই পেজের কোডটি স্ক্যান করতে স্মার্টফোনের ক্যামেরা ব্যবহার করুন

सूचना अनलाइनमा पढ्न यस पृष्ठमा कोड स्क्यान गर्न स्मार्टफोनको क्यामेरा प्रयोग गर्नुहोस्।

Sèvi ak kamera yon telefòn entèlijan pou eskane kòd ki nan paj sa a pou li avi a sou entènèt.

استخدم كاميرا الهاتف الذكي لمسح الرمز الموجود في هذه الصفحة لقراءة الإشعار على الإنترنت

Чтобы прочитать уведомление онлайн, отсканируйте код на этой странице с помощью камеры вашего смартфона.

Utilisez l'appareil photo d'un téléphone intelligent pour scanner le code sur cette page afin de lire l'avis en ligne.

EXHIBIT 9

Lease Agreement

AGREEMENT TO BINDING ARBITRATION AND WAIVER OF RIGHT OF TRIAL ON ISSUES RELATED TO HABITABILITY OF APARTMENT

The Parties to this Agreement, separately from the Residential Lease/Lease Agreement between 25909-25945 E. Baseline Street. INC. ("Landlord") and the tenant(s) ) ***Cesar Jaraba, Alexander Jaraba, Jesus Alvarez*** ("Tenant(s)"), hereby agree, contract, and covenant that any issue that arises between these Parties pertaining to the habitability of Apartment **26** in the subject apartment community, known as Parc Mountain View, located at 25917 E. Baseline St. San Bernardino. California 92410 (the "Premises"), either during the tenancy or thereafter, by Tenant(s) and any other residents (including Tenant(s)' resident family members), including, but not limited to. the condition and habitability of the Premises and any losses or damages that Tenant(s) allegedly sustained as a result thereof, will be submitted to binding arbitration to be adjudicated at the American Arbitration Association ("AAA") by an arbitrator listed therewith, pursuant to AAA Rules and the laws of the State of California. Landlord and Tenant(s), as evinced by their signatures below, hereby (1) expressly waive and relinquish any rights each might otherwise possess to have any such dispute adjudicated in a court of law or other forum, and (2) agree the award of the arbitrator, to be selected by and between the Parties or by AAA, if the Parties hereto cannot agree upon a specific arbitrator, will be a final award that is capable of being reduced to a judgment in a court of law, upon petition or application by any Party hereto. Landlord and Tenant(s) agree to pay the arbitration fees and costs in the manner apportioned by the arbitrator.

The Parties acknowledge that this Agreement (1) is specifically made pursuant to Civil Code section 1942.1. and (2) shall apply to any claims relating to the condition of the Premises allegedly making them uninhabitable, including those claims (a) for negligence, nuisance, intentional torts, breach of the implied warranty of habitability, breach of the implied covenant of quiet enjoyment of premises. breach of contract, bad faith, unfair business practices, and (b) brought pursuant to California Civil Code sections 1941, *et seq*., California Civil Code sections 1942. *et seq*., and any other causes of action based on any California, local, or federal statute or ordinance. (The provisions of California Civil Code sections 1941 to 1942.1 are set forth in their entirety as Exhibit "A" hereto.)

All Parties to this Agreement hereby represent that they have (1) consulted with an attorney, or have knowingly. voluntarily, and intelligently waived their right to so consult before signing this Agreement. and (2) understand all the language and import set forth herein, whether English is their primary language or not. and have availed themselves of a competent translator, or knowingly. voluntarily and intelligently waived their right to do so, to interpret this Agreement between English and their own primary language, if not English, before executing this Agreement.

Dated: 01-10-25 Tenant [signature]

Dated: 01-10-2025 Tenant [signature]

Dated: 01/10/25 Landlord: [signature]

01/10/25 [signature]

EXHIBIT 10

Form EOIR-Form 33 From 1-12-2026

U.S. Department of Justice
Executive Office for Immigration Review

# Change of Address/Contact Information Form
## Immigration Court

**Instructions: To complete this form, fill out all blanks below, including proof of service, which certifies that you will provide a copy of this form to the Department of Homeland Security (DHS). After filling in the blanks and signing both the declaration and proof of service, you must submit the form electronically, in person, or by mail. If submitting electronically, file in Respondent Portal at https://respondentaccess.eoir.justice.gov. Attorneys and fully accredited representatives submitting this form electronically must file in Case Portal at https://portal.eoir.justice.gov. If submitting by mail, follow the mailing instructions on Page 2. You must submit a separate copy of this form for each individual who has a case pending in immigration court and whom the change of information affects.**

You must file this form with the immigration court within five working days of the change to your contact information, or your receipt of a charging document (e.g., a Notice to Appear) with incorrect contact information. The immigration court will send all official correspondence (e.g., notices, decisions) to the address you provide. The immigration court will only make any change(s) to your contact information in EOIR's records upon receipt of this form; the immigration court will not change your contact information based on different information on pleadings, motions, or other communications with the court.

If you fail to appear at any hearing before an immigration judge when notice of that hearing or other official correspondence was served on you or sent to the address you provided, DHS may take you into custody. In addition, the immigration court may conduct your hearing in your absence and enter an order of removal, deportation, or exclusion against you. If the court enters such an order, you may be ineligible for certain forms of relief from removal under the Immigration and Nationality Act as follows:

- If you are in ***removal*** proceedings: You will be subject to an order of removal for a period of ten years after the date of entry of the final order. You may also become ineligible for voluntary departure, cancellation of removal, and adjustment of status or change of status.
- If you are in ***deportation*** proceedings: You will be subject to an order of deportation for a period of five years after the date of the entry of the final order. You may also become ineligible for voluntary departure, suspension of deportation or voluntary departure, and adjustment of status or change of status.
- If you are in ***exclusion*** proceedings: Your application for admission to the United States may be considered withdrawn.

RECEIVED DEPARTMENT OF JUSTICE FEB 0 3 2026 EXECUTIVE OFFICE FOR IMMIGRATION REVIEW DALLAS, TEXAS

| Name - Last, First, Middle, Suffix (if applicable): | A-Number: |
|---|---|
| Jaraba Ibarra, Cesar, Augusto | 240-199-486 |

| My FORMER address and phone number were: | My CURRENT address and phone number are: |
|---|---|
| "In care of" other person (if any): | "In care of" other person (if any): |
| 600 S Mc Arthur Blv | 25917 Base Line St Apt.25 |
| Number; Street; Apartment (if any) | Number; Street; Apartment (if any) |
| Irving TX, 75060, USA | San Bernardino CA, 92410, USA |
| City, State, and ZIP Code; Country (if other than U.S.) | City, State, and ZIP Code; Country (if other than U.S.) |
| +1 214-407-1173 | +1 214-407-1173 |
| Phone Number (include country code if other than U.S.) | Phone Number (include country code if other than U.S.) |
| jarabacesar218@gmail.com | jarabacesar218@gmail.com |
| Email Address | Email Address |

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I am the person named above associated with the A-Number listed above, and that the information contained in this form is true and correct to the best of my knowledge.

**SIGN HERE ➡** X *Cesar Augusto Jaraba Ibarra* — Signature — 01/12/2026 — Date

## PROOF OF SERVICE

I, Cesar Augusto Jaraba Ibarra (Name), provided a copy of this Change of Address Form on, 01/12/2026 (date), to the

Office of the Principal Legal Advisor for DHS Immigration and Customs Enforcement-ICE at:
DHS/ICE Office of Chief Counsel - 125 E. John Carpenter Fwy., Ste 500, Irving, TX, 75062
(Indicate if electronic/email service, or in-person or mail service (provide Number and Street, City, State, ZIP Code))

By signing, I agree to provide a copy of this Change of Address Form to the Office of the Principal Legal Advisor for DHS Immigration and Customs Enforcement-ICE at the location I selected above. I understand that I can provide DHS with a copy either electronically through the DHS eService portal (register at https://eserviceregistration.ice.gov), or by mail or personal delivery.

**SIGN HERE ➡** X *Cesar Augusto Jaraba Ibarra* — Signature

EOIR... 5 of 6



Form EOIR-33/IC
Revised November 2021

EXHIBIT 11

In Absentia Removal Order

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**DALLAS IMMIGRATION COURT**

Respondent Name:
JARABA-IBARRA, CESAR AUGUSTO
To:
JARABA-IBARRA, CESAR AUGUSTO
25917 Base Line St
Apt.25
San Bernardino, CA 92410

A-Number:
240-199-486
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
02/05/2026

☐ Unable to forward - no address provided.

☐ Attached is a copy of the **decision of the Immigration Judge.** This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your notice of appeal, attached documents, and fee or fee waiver request must be mailed to:

Board of Immigration Appeals
Office of the Clerk
P.O. Box 8530
Falls Church, VA 22041

☑ Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252B(c)(3) in deportation proceedings or section 240(b)(5)(c), 8 U.S.C. § 1229a(b)(5)(c) in removal proceedings. If you file a motion to reopen, your motion must be filed with this court:

Immigration Court

Dallas, TX

☐ Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available.

☐ Attached is a copy of the decision of the immigration judge relating to a **Credible Fear Review.** This is a final order. No appeal is available.

☐ Other:

Date: 02/05/2026

Immigration Judge: Thielemann, Christopher 02/05/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ M ] Alien | [ ] Alien c/o custodial officer | [ ] Alien atty/rep. | [ M ] DHS

Respondent Name : JARABA-IBARRA, CESAR AUGUSTO | A-Number : 240-199-486

Riders:

Date: 02/12/2026 By: Pierce, Shannon, Court Staff

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**DALLAS IMMIGRATION COURT**

Respondent Name:
JARABA-IBARRA, CESAR AUGUSTO
To:
JARABA-IBARRA, CESAR AUGUSTO
25917 Base Line St
Apt.25
San Bernardino, CA 92410

A-Number:
240-199-486
Riders:
In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
02/05/2026

**ORDER OF THE IMMIGRATION JUDGE**

Respondent was provided written notification of the time, date, and location of Respondent's removal hearing. INA §§ 239(a)(1), (2). Respondent was also provided a written warning of the consequences under INA § 240(b)(5) that failing to appear at such hearing, other than for exceptional circumstances as defined in INA § 240(e)(1), may result in a hearing held in Respondent's absence and the issuance of an order of removal, provided the Department of Homeland Security (DHS) establishes by clear, unequivocal, and convincing evidence that Respondent is removable and that Respondent or Respondent's representative was provided written notification of the hearing as required under INA § 239(a)(1)-(2). *See* INA § 240(b)(5)(A); 8 C.F.R. § 1003.26.

Despite the written notification provided, Respondent failed to appear at the hearing, and no exceptional circumstances were shown for the failure to appear. INA § 240(e)(1). Therefore, the immigration court conducted the hearing *in absentia* pursuant to INA § 240(b)(5)(A). At this hearing, the immigration court determined that:

- ☐ At a prior hearing, Respondent admitted the factual allegations in the Notice to Appear and conceded removability. The immigration court finds removability established as charged.
- ☑ The DHS submitted documentary evidence relating to Respondent that established the truth of the factual allegations contained in the Notice to Appear. The immigration court finds removability established as charged.
- ☐ The Respondent, in written pleadings, admitted the factual allegations in the Notice to Appear and conceded removability. The immigration court finds removability established as charged.
- ☐ Other/Additional Information

The immigration court further finds that Respondent's failure to appear and proceed with any applications for relief constitutes an abandonment of any pending applications for relief or protection from removal and of any applications the respondent may have been eligible to file. Those

applications are deemed abandoned and denied for lack of prosecution. *See* 8 C.F.R. § 1003.31(h); *Matter of Perez*, 19 I&N Dec. 433 (BIA 1987); *Matter of R-R*, 20 I&N Dec. 547 (BIA 1992).

**ORDER:** Respondent shall be removed to VENEZUELA or in the alternative to on the charge(s) contained in the Notice to Appear.

Failure to Depart: If Respondent is subject to a final order of removal and willfully fails or refuses (1) to depart from the United States pursuant to the immigration court's order, (2) to make timely application in good faith for travel or other documents necessary to depart the United States, (3) to present themselves at the time and place required for removal by the DHS, or (4) conspires to or takes any action designed to prevent or hamper their departure pursuant to the order of removal, Respondent shall be subject to a civil monetary penalty for each day Respondent is in violation, pursuant to INA§ 274D and 8 C.F.R. § 280.53(b)(14). If Respondent is removable pursuant to INA § 237(a), then Respondent shall be further fined and/or imprisoned for up to 10 years. *See* INA § 243(a)(1).Further, any Respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than two years, or both. 8 U.S.C. § 1326(a).

Immigration Judge: Thielemann, Christopher 02/05/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ M ] Alien | [ ] Alien c/o custodial officer | [ ] Alien atty/rep. | [ M ] DHS

Respondent Name : JARABA-IBARRA, CESAR AUGUSTO | A-Number : 240-199-486

Riders:

Date: 02/12/2026 By: Pierce, Shannon, Court Staff

EXHIBIT 12

Pro Se Motion To Reopen

*Sample Cover Sheet*

**Your Name:** Cesar Augusto Jaraba Ibarra

**Your Address:** 25919 Baseline St Apt 26

San Bernardino California 92410

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**

**City and State:** ____________________

**In the Matters of:**

Cesar Augusto Jaraba Ibarra
(your name)

**File No.: A** 240 199 486
(your alien registration number)

**Immigration Judge:** Judge Visit

RECEIVED
DEPARTMENT OF JUSTICE
MAR 25 2026
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
DALLAS, TEXAS

# MOTION TO REOPEN AN *IN ABSENTIA* ORDER

EOIR – 5 of 9

*Sample Motion to Reopen an In Absentia Order*

# RESPONDENT'S MOTION TO REOPEN AN IN ABSENTIA ORDER

Now comes Respondent, Cesar Augusto Jaraba I (Name), and moves this Honorable Court to reopen these proceedings and rescind the in absentia order of removal.

In support of this motion, I state as follows:

I respectfully request that this Honorable Court grant my Motion to Reopen my removal proceedings, as my failure to appear was not willful, but rather the result of circumstances beyond my control.

First, I did not receive proper notice of my hearing, including the Notice to Appear (NTA). At no point did I receive official written notification informing me of the date, time, and location of my immigration hearing. Due to this lack of proper notice, I was unaware of my obligation to appear before the Court. This situation constitutes a violation of my right to due process under the immigration laws of the United States. Additionally, even if notice had been attempted, I faced significant financial hardship and lacked the means of transportation necessary to attend the hearing. My economic situation has been extremely limited, preventing me from securing reliable transportation to the Court. This was not due to negligence, but rather to circumstances of genuine hardship.

Respectfully submitted,

Cesar A Jaraba

Name

Dated: 03/20/2026

EOIR - 6 of 9

***Sample Order***

**United States Department of Justice**
**Executive Office for Immigration Review**
**Immigration Court**
DALLAS TX 75242
[*the court's location (city or town) and state*]

In the Matter of: Cesar Augusto Jaraba Ibarra Alien Number: 240199486

[your name] [your alien registration number]

**ORDER OF THE IMMIGRATION JUDGE**

Upon consideration of the respondent's **Motion to Reopen an In Absentia Order**, it is HEREBY ORDERED that the motion be □ **GRANTED** □ **DENIED** because:

□ DHS does not oppose the motion.
□ The respondent does not oppose the motion.
□ A response to the motion has not been filed with the court.
□ Good cause has been established for the motion.
□ The court agrees with the reasons stated in the opposition to the motion.
□ The motion is untimely per______________________.
□ Other:

Deadlines:
□ The application(s) for relief must be filed by_________________________________.
□ The respondent must comply with DHS biometrics instructions by________________.

_________________________ _________________________
Date Immigration Judge

**CERTIFICATE OF SERVICE**
THIS DOCUMENT WAS SERVED VIA:
MAIL ( ) PERSONAL SERVICE ( ) ELECTRONIC SERVICE ( )
TO: RESPONDENT ( ) RESPONDENT'S C/O CUSTODIAL OFFICER ( )
RESPONDENT'S ATTY/REP ( ) DHS ( )
DATE:____________________ BY: COURT STAFF____________________________
ATTACHMENTS: EOIR-33 ( ) EOIR-28 ( ) LEGAL SERVICES LIST ( ) OTHER ( )

EOIR - 7 of 9

U.S. Department of Homeland Security

# Order of Release on Recognizance

File No: A240 193 486
Date: December 30, 2021
Event No: EGT2212001766

Name: CESAR AUGUSTO JARABA-IBARRA

You have been arrested and placed in removal proceedings. In accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions:

☒ You must report for any hearing or interview as directed by the Department of Homeland Security or the Executive Office for Immigration Review.

☒ You must surrender for removal from the United States if so ordered.

☒ You must report in (xxxxxx) (person) to DEPORTATION OFFICER
(Name and Title of Case Officer)

at 8101 N. Stemmons Frwy. Dallas, TX 75247 (Location of DHS Office) on MARCH 02, 2022 (Day of each xxxxx month) at 09:00 AM (Time)

If you are allowed to report in writing, the report must contain your name, alien registration number, current address, place of employment, and other pertinent information as required by the officer listed above.

☒ You must not change your place of residence without first securing written permission from the immigration officer listed above.
☒ You must not violate any local, State, or Federal laws or ordinances.
☒ You must assist the Department of Homeland Security in obtaining any necessary travel documents.
☐ Other: ______________________

☐ See attached sheet containing other specified conditions (Continue on separate sheet if required)

**NOTICE: Failure to comply with the conditions of this order may result in revocation of your release and your arrest and detention by the Department of Homeland Security.**

[signature] fo
(Signature of DHS Official)

SDDO Gorby
(Printed Name and Title of Official)

**Alien's Acknowledgment of Conditions of Release on Recognizance**

I hereby acknowledge that I have (read) (had interpreted and explained to me in the SPANISH language) and understand the conditions of my release as set forth in this order. I further understand that if I do not comply with these conditions, the Department of Homeland Security may revoke my release without further notice.

[signature] (Signature of Immigration Officer Serving Order)   X [signature] (Signature of Alien)   12/30/2021 (Date)

**Cancellation of Order**

I hereby cancel this order of release because: ☐ The alien failed to comply with the conditions of release.
☐ The alien was taken into custody for removal

(Signature of Immigration Officer Canceling Order) (Date)

Form I-220A (Rev. 08/01/07) N

EOIR - 8 of 9



REPÚBLICA BOLIVARIANA DE VENEZUELA

PASAPORTE / PASSPORT

P VEN 135222265

JARABA IBARRA

CESAR AUGUSTO

VENEZOLANA 16048775

16 / Feb / Feb / 1982 M

13 / Abr / Apr / 2016 CIUDAD OJEDA VEN

12 / Abr / Apr / 2021

16-02-82

P<VENJARABA<IBARRA<<CESAR<AUGUSTO<<<<<<<<<<<

1352222650VEN8202165M2104120160487 75<<<<<<82

EOIR – 9 of 9

# EXHIBIT 13

Receipt To The Board of Immigration

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

Roman, Erika Lynn
ELR Law Group
20058 Ventura Blvd, Suite 137
Woodland Hills, CA 91364

DHS/ICE Office of Chief Counsel - DAL
125 E. John Carpenter Fwy, Ste. 500
Irving, TX 75062-2324

Name:
JARABA-IBARRA, CESAR AUGUSTO 240-199-486

Riders:

Date of Notice: 08/21/2026

**FILING RECEIPT FOR APPEAL OR MOTION**

The Board of Immigration Appeals (Board or BIA) acknowledges receipt of the appeal or motion and fee or fee waiver request (where applicable) on 08/18/2026 , in the above-referenced case, filed by the Respondent

Additional Comments
N/A

**WARNING FOR APPEALS:**

**Departure.** If you leave the United States after filing this appeal but before the Board issues a decision, your appeal may be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. § 1001.1(q)).

**Proof of posting voluntary departure bond.** If you have been granted voluntary departure by the Immigration Judge, you must submit proof of having posted the voluntary departure bond set by the Immigration Judge to the Board. Your submission of proof must be provided to the Board within 30 days of filing this appeal. If you do not timely submit proof to the Board that the voluntary departure bond has been posted, the Board cannot reinstate the period of voluntary departure. 8 C.F.R. § 1240.2(c)(3)(ii).

**Autostay Bond Appeals.** Please note that the automatic stay will expire 90 days from the date of receipt of the DHS' appeal. 8 C.F.R. § 1003.6(c)(3). If the Board grants the respondent's request for additional briefing time, then the 90-day automatic stay period will be tolled for the same number of days. 8 C.F.R. § 1003.6(c)(4).

**Form EOIR-27.** If the appeal was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

**WARNING FOR MOTIONS:**

**Stay of removal.** Filing a motion with the Board does not automatically stop the DHS from executing an order of removal. If the respondent/applicant is in DHS detention and is about to be removed, you may request the Board to stay the removal on an emergency basis. For more information, call the Clerk's Office at (703) 605-1007.

**Form EOIR-27.** If the motion was filed by DHS and the respondent/applicant wishes to be represented by an attorney or accredited representative in these new proceedings, counsel must complete a new Form EOIR-27 (Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals). Unless a Form EOIR-27 is received from counsel, the respondent/applicant will be considered pro se before the Board and all future notices, including the Board's decision, will be sent directly to the respondent/applicant and not to counsel.

**FILING INSTRUCTIONS:**

If you have any questions about how to file something at the Board, please review the EOIR Policy Manual, Part III: Board Practice Manual, available on EOIR's website at www.justice.gov/eoir.

Accepted by: ShashuaD

CC

EXHIBIT 14

Letter From Church

IGLESIA ALCANCE VICTORIA
SAN BERNARDINO

August 28, 2026

**RE: Letter of Support for Cesar Augusto Jaraba Ibarra**

Dear Honorable Judge:

My name is Pastor Gilbert Rodriguez, and I am the pastor of Alcance Victoria San Bernardino. I am writing this letter on behalf of Cesar Augusto Jaraba Ibarra, whom I have known through our church since 2025. Cesar has been a member of our congregation and has become a valued part of our church family.

During the time that we have known Cesar, we have had the opportunity to see his character and the way he conducts himself within our church community. We know him to be a respectful, trustworthy, dependable, and caring person. He has participated in our church services and has maintained relationships with members of our congregation. Through these relationships, we have come to know Cesar personally and have seen the importance that his family and faith community have in his life.

Cesar is not simply an individual who attends our church. He is a member of our church family, and his absence would be felt by those who know him. Our church has been a place where he has been able to build positive relationships, receive encouragement, and continue growing in his faith and as a responsible member of the community.

We are especially concerned about the impact that Cesar's deportation would have because his family is here in the United States. Removing Cesar from the country would mean separating him from the people he loves and from the family relationships that are an important part of his life. Such a separation could create significant emotional hardship for his family, as well as practical difficulties resulting from his absence.

Family separation affects more than the individual being removed. It affects spouses, children, parents, siblings, and other loved ones who depend upon that person's presence, support, guidance, and companionship. We believe Cesar's removal would cause genuine hardship to his family and would deprive them of an important member of their household and support system.

His deportation would also represent a loss to our church community. Over the past year, Cesar has established relationships with people who care about him and consider him part of our congregation. We believe that maintaining positive connections with a church and a supportive community is important, and our church remains willing to continue encouraging, supporting, and walking alongside Cesar and his family.

I respectfully ask the Court to consider the character of Cesar Augusto Jaraba Ibarra, his membership and involvement in our church since 2025, his family ties in the United States, and the emotional and practical hardship that his deportation would create for his loved ones and our community.

We understand and respect the seriousness of the Court's responsibility and the decisions before it. Our purpose in writing is simply to provide the Court with our personal perspective regarding the man we have come to know. Based on our experience with Cesar, we consider him a trustworthy and valued member of our church community, and we sincerely hope that the Court will take his family circumstances and community ties into consideration.

Thank you for taking the time to consider this letter. If additional information regarding Cesar's membership or involvement with our church would be helpful, I would be willing to provide it.

Respectfully,

Pastor Gilbert Rodriguez
Senior Pastor
Alcance Victoria San Bernardino

CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2026, I electronically filed the foregoing PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241; COMPLAINT FOR DECLARATORY AND INDIVIDUAL INJUNCTIVE RELIEF with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties shall be served in accordance with the Federal Rules of Civil Procedure.

Dated: September 2, 2026

Respectfully Submitted,
*S/ Erika Roman-Maury*

Attorney for *Cesar Augusto Jaraba-Ibarra*
Email: Erika@ELRLawgroup.com