**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CESAR AUGUSTO JARABA-IBARRA,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 5:26-cv-05126-JGB-RAO

ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS

On September 3, 2026, Petitioner Cesar Augusto Jaraba-Ibarra (A#240-199-486), a noncitizen in immigration custody at the Adelanto Immigration and Customs Enforcement (ICE) Facility and represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. No. 1 ("Pet."). Petitioner seeks his immediate release on the grounds that ICE violated his constitutional due process and statutory rights by unlawfully detaining him without first providing adequate pre-detention notice and process.

On September 3, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. Dkt. No. 5. To date, Respondents have not filed an answer or otherwise communicated with the Court. On September

11, 2026, Petitioner filed a Reply noting Respondents' failure to file an answer and asking the Court to order his immediate release. Dkt. No. 6. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately under the same conditions he was subject to before his current detention.

Petitioner is a citizen of Venezuela who was encountered by United States Customs and Border Patrol on December 28, 2021. Pet. at 5-6. After expressing fear of persecution or torture if returned to Venezuela, the Department of Homeland Security (DHS) placed Petitioner into removal proceedings and served him with a Notice to Appear. *Id.* at 6. On December 30, 2021, Petitioner was released on his own recognizance. *Id.* DHS did not impose a bond or any release conditions on Petitioner, other than instructions to appear in court and keep the government informed of his current address. *Id.* Petitioner appeared in immigration court in Dallas, Texas on January 31, 2024, and filed a change of address. *Id.* After the January 2024 hearing, the court clerk mailed a copy of a notice of a hearing scheduled for February 5, 2026, but made a scrivener's error in transcribing Petitioner's new mailing address and, as a result, Petitioner never received the hearing notice. *Id.* at 7. In January 2026, after relocating from Texas to California, Petitioner filed a change of address with DHS. *Id.*

When Petitioner failed to appear at the February 5, 2026, hearing in Dallas, the immigration court ordered him removed *in absentia*. *Id.* at 8. In March 2026, Petitioner, proceeding *pro se*, filed a motion to reopen the *in absentia* removal order. *Id.* On August 14, 2026, an immigration judge denied Petitioner's motion to reopen. *Id.* at 8-9. Petitioner filed an appeal of the adverse decision to the Board of Immigration Appeals on August 18, 2026. *Id.* at 9.

///

On August 11, 2026, Petitioner was arrested by immigration authorities. *Id.* At no time prior to his arrest and re-detention was Petitioner informed of ICE's intent to arrest him. *Id.* Further, he has not been accused of violating any condition of release and he has not received a custody determination hearing. *Id.* Petitioner's detention has disrupted his ability to meet his household obligations, including rent and utilities. *Id.* at 10. Petitioner has five children. *Id.*

Petitioner has a protected due process interest in being released, as he has lived in this country for almost five years building a life and supporting his family. *See Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties). Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released, he has complied with the terms of his release, and poses no apparent risk of flight or danger to the community. Considering these circumstances and Respondents' non-opposition, the Court concludes Petitioner's immediate release is warranted.

///

///

///

///

///

///

///

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Cesar Augusto Jaraba-Ibarra (A#240-199-486) from immigration custody immediately. It is further ORDERED that Petitioner shall be returned to the same release conditions in place prior to his current detention. Respondents shall file a "Notice of Release" within three days of the entry of this Order. Additionally, Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

DATED: September 21, 2026

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE